STATE *ex rel.* LUTHER REDWINE *v.* THOS. O. SELMAN.

*(Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

## 1. HABEAS CORPUS.

The Court, in a habeas corpus proceeding, will not inquire into the guilt or innocence of a fugitive from justice, being held on a warrant issued by the Governor of the State upon a requisition from a Governor of another State, but the inquiry must be confined to the legality of the rendition of search warrant by the Governor of Tennessee and of the requisition, by the governor of the other State. (Post, p. 643.)

Citing: Chase v. State ex rel., 54 A. L. R., 271; Roberts v. Reilly, 116 U. S., 80; Art. IV, sec. 2, Const. of the U. S.; Revised Statutes, secs. 5278-9; U. S. Criminal Code, 662; sec. 7321, et seq., Shannon's Code.

## 2. EXTRADITION. QUESTION OF LAW. QUESTION OF FACT.

In passing upon the requisition from a Governor of another State, two questions are presented to the Governor of Tennessee. The first is whether or not the person demanded is substantially charged with a crime against the laws of the State from which he fled by an indictment or an affidavit; the second question is whether or not the person demanded is a fugitive from the State making the demand. The first is a question of law; the second is a question of fact. (Post, p. 645.)

Citing: Roberts v. Reilly, 116 U. S., 80; Extradition, 25 C. J., pars. 23 to 32.

## 3. EXTRADITION. POWER OF GOVERNOR. DISCRETION.

The Governor alone is clothed with the power to determine whether a requisition from the Governor of another State should be granted, and issue a warrant and surrender the fugitive if the statutory prerequisites appear, and such determination requires

157 Tenn.—41.

the exercise of a discretion personal to the Governor, which cannot be delegated to another in his absence from the State. (Post, p. 646.)

Citing: Ex parte Pelinski, 213 S. W., 809.

4. EXTRADITION. ARREST OF FUGITIVE.

The statutes empower any magistrate to issue a warrant for the temporary detention of a fugitive from another State during the absence of the Governor. (Post, p. 646.)

5. EXTRADITION. POWER OF GOVERNOR. DISCRETION.

The execution of power by the Governor to determine whether the person demanded is a fugitive from justice involves an exercise of discretion and could not, therefore, be assumed by another in the absence of the Governor. A warrant issued without the exercise of this power by the Governor in person is void. (Post, p. 646.)

Citing: In re Tod, 47 L. R. A., 566.

---

## FROM HAMILTON.

---

Appeal from the Criminal Court of Hamilton County.— HON. CHAS. W. LUSK, Judge.

GEO. W. CHAMLEE, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The writ of *habeas corpus* was issued upon relation of Redwine charging that he was unlawfully restrained of his liberty by the sheriff of Hamilton County. The trial judge, upon hearing, dismissed the petition and remanded the prisoner to custody.

It is set forth in the petition that in 1926 relator fled from a situation of peonage in the State of Georgia and came to Chattanooga. The manager of the plantation from which he came had him arrested in this State upon a charge of going armed in Georgia, and relator relying upon his innocence voluntarily returned to Georgia.

It is charged that after he was taken into custody and upon the return to Georgia those in charge assaulted and beat him and carried him to a county where he had no friends, caused him to be tried and sentenced to a year's confinement in the chain gang, and after his confinement he escaped and returned to Tennessee. Upon return to this State the petition recites that he was arrested upon an illegal warrant and deprived of his liberty. It is charged that the warrant issued by the Governor of Tennessee is void because based upon a requisition from the Governor of Georgia unattended by a warrant, indictment, affidavit, or other charge setting forth the commission of a crime and because he is detained upon a warrant purporting to have been issued by the Governor of Tennessee when the Governor was absent from the State.

(1) The Court will not, in a *habeas corpus* proceeding, inquire into the guilt or innocence of the fugitive. *Chase* v. *State ex rel.*, 54 A. L. R., 271. The inquiry must be confined to the legality of the rendition by the Governor of Tennessee, and of the requisition by the Governor of Georgia. Article IV, section 2, of the Constitution of the United States declares:

"A person charged in any State with treason, felony, or other crime, who shall flee from justice, and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime."

By sections 5278-9, U. S. Revised Statutes; U. S. Criminal Code, 662, Congress gave effect to the foregoing provisions of the Constitution by enacting that

"Whenever the executive authority of any State or territory demands any person as a fugitive from justice, of the executive authority of any State or territory to which such person has fled, and produce a copy of an indictment found or an affidavit made before a magistrate of any State or territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or chief magistrate of the State or territory from which the person so charged has fled, it shall be the duty of the executive authority of the State or territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand."

Our statutes carried into 7321 et seq., Shannon's Code, passed in aid of the Federal Statutes, authorized the Governor to issue a warrant for the apprehension of the fugitive in compliance of the demand of the Governor of another State.

Referring to the duty of the Governor of the asylum State upon demand for rendition of the fugitive, the United States Supreme Court said in *Roberts* v. *Reilly,* 116 U. S., 80:

"It must appear, therefore, to the Governor of the State to whom such a demand is presented, before he can lawfully comply with it, first, that the person demanded is substantially charged with a crime against the laws of the State from whose justice he is alleged to have fled, by an indictment or an affidavit certified as authentic by the Governor of the State making the demand; and,

second, that the person demanded is a fugitive from the justice of the State, the executive authority of which makes the demand. The first of these prerequisites is a question of law, and is always open upon the face of the papers to judicial inquiry, on an application for a discharge under a writ of *habeas corpus*. The second is a question of fact, which the Governor of the State upon whom the demand is made must decide, upon such evidence as he may deem satisfactory. How far his decision may be reviewed judicially in proceedings in *habeas corpus*, or whether it is not conclusive, are questions not settled by harmonious judicial decisions, nor by any authoritative judgment of this court. It is conceded that the determination of the fact by the executive of the State in issuing his warrant of arrest, upon a demand made on that ground, whether the writ contains a recital of an express finding to that effect or not, must be regarded as sufficient to justify the removal until the presumption in its favor is overthrown by contrary proof.''

It will be observed that when the statutory prerequisites appear, the executive to whom demand is presented should cause the arrest of the alleged fugitive. On the other hand if the requisition is defective upon its face demand may or should be refused.

*(2)* In passing upon the requisition two questions are presented to the Governor of the State where the fugitive is demanded. The first is whether or not the person demanded is substantially charged with a crime against the laws of the State from which he fled by an indictment or an affidavit. The second question is whether or not the person demanded is a fugitive from the State making the demand. The first is a question of law and the second

is a question of fact. *Roberts* v. *Reilly, supra.* See, also, Extradition, 25 C. J., pars. 23 to 32.

*(3)* The Governor of Tennessee alone was clothed with power to determine whether or not the fugitive should be rendered upon demand of the Governor of the State of Georgia, and to issue the warrant and render the fugitive if the statutory prerequisites appeared. The execution of that power, whether ministerial as held in some jurisdictions, or *quasi*-judicial as held in others, required an examination of the requisition and a determination of the two questions of law and fact above referred to. Their determination required the exercise of a discretion personal to the Governor and it could not be delegated to another in his absence from the State. *Ex parte Pelinski,* 213 S. W., 809.

*(4)* Section 7323 of Shannon's Code, empowering any magistrate to issue a warrant for the temporary detention of a fugitive from another State affords opportunity for the detention during the absence of the Governor.

It appears from the undisputed evidence that the Governor of Tennessee was absent from the State at the time the requisition of the Governor of Georgia was presented. The private secretary of the Governor filled in the blank warrant which bore the Governor's signature, and upon this warrant relator was arrested and is being detained.

*(5)* The execution of the power by the Governor of the asylum State to determine whether or not the person demanded is a fugitive from justice requires examination of the requisition and involves the exercise of discretion. A warrant cannot be issued except by the Governor or under his direction after he has determined that the person demanded is charged with a crime against the laws of the other State and for that reason should be

surrendered. The execution of the power requires careful examination of the requisition papers, and that power could not be assumed by another in the absence of the Governor. *In re Tod,* 47 L. R. A., 566.

We are of the opinion that the warrant under which the prisoner is held is void. He was entitled to have the Governor review the requisition and attendant papers and thereon determine whether he was subject to extradition.

The judgment of the trial court must be reversed and the prisoner is ordered discharged.