STATE *ex rel.* GROOVER *v.* PAYNE, SHERIFF.

(*Knoxville,* September Term, 1943.)

Opinion filed October 16, 1943.

J. M. HARGRAVES, of Chattanooga, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error on appeal challenges the correctness of a judgment of the Criminal Court of Hamilton County in dismissing his petition for the writ of *habeas corpus*. The said plaintiff in error, J. W. Groover, hereafter called relator, was arrested upon a rendition warrant duly issued by the Governor of this State, requiring the surrender of said relator to the authorities of the State of Georgia. We find that the rendition warrant is entirely regular on its face. It is clearly shown, in fact it is admitted by relator, that he was in the State of Georgia when he was indicted. At the time the demanding state made its application for the rendition warrant, there was presented to the Governor a duly certified copy

of an indictment against relator charging him with "larceny after trust." The sheriff filed his answer and made due and proper return as he was required to. do. The case being at issue, it was heard by the Court without a jury and the petition dismissed. Exception was taken and the Court allowed sixty days in which to file a motion for a new trial. The motion was overruled and an appeal granted, relator's bond being set at one thousand dollars pending the appeal.

It is extremely doubtful if the Court can look to the bill of exceptions. The record shows that the motion for a new trial was overruled on August 4, 1942 (Tr., p. 4). The bill of exceptions was filed on October 5, 1942, or sixty-two days from August 4th. But considering this case on its merits, we think the contentions made in the assignments of error are without merit. Relator complains of the following errors in his several assignments: (1) The Court erred in failing to sustain the writ of *habeas corpus* because the costs had not been secured as provided in Code, sec. 11933, said section making it mandatory that the magistrate issuing a fugitive warrant shall require security for costs. "Costs and charges.— The complainant in any such case is answerable for all costs and charges, and for the support in prison of any person so committed, and the magistrate, before issuing his warrant, shall require him to give security for the payment of all such costs, or may require them to be paid in advance to the officers entitled." Section 11934 of the Code recites that no jailer is bound to receive any person committed under a warrant issued by virtue of provisions of this chapter until his jail fees are paid in advance. "Jail fees to be paid in advance.—And no jailer is bound to receive any person committed under a

warrant issued by virtue of the provisions of this chapter until his jail fees for the time specified in such warrant are paid in advance.'' (2) The Court erred in refusing to enter into a judicial inquiry by refusing to hear the proof, which would have tended to show that a fraud had been perpetrated on the Governor of the State of Tennessee, by the prosecutor and the officers from the State of Georgia, the demanding state, thereby denying relator his constitutional guaranty of a fair and impartial trial, when it was relator's purpose to show that this matter had been disposed of in the demanding state, both criminally and civilly. The relator was indicted in this case, in the State of Georgia, twenty-eight months after the alleged violation of the law of the State of Georgia, and after the matter had been tried in the State of Georgia and disposed of both civilly and criminally. (3) The Court erred in refusing to hear the proof that relator had been once in jeopardy in Georgia on the same charge. (4) The Court erred in refusing to allow the proof that the indictment grew out of a civil matter that had been adjudicated in the Hamilton County Courts in favor of relator. (5) The Court erred in refusing counsel for defendant the right to amend the *habeas corpus* and introduce proof that the prosecutor in the case was in contempt of the U. S. District Court, in that relator had bankrupt the civil debt, which caused the arrest of the relator.

██ ██ Responding to these assignments, we think the Code section above referred to has reference to the issuance of a fugitive warrant by a justice of the peace and not to a rendition warrant issued by the Governor. This is the State's contention and we think it is sound. We are furthermore of opinion that Section 11934 has no application. This section merely recites that no jailor

is bound to receive any person committed under a warrant until ''his jail fees . . . are paid in advance.'' This is clearly for the benefit of the jailer and not the prisoner. This assignment is accordingly overruled.

Responding to Assignments 3, 4, and 5, we think the questions raised are matters of defense which may be interposed when the accused is brought to trial. In a *habeas corpus* proceeding to test the sufficiency of a rendition warrant, only two questions are involved, (1) whether or not the party is charged with an extraditable offense; and (2) is such party a fugitive from justice? *State ex rel. Redwine* v. *Selman*, 157 Tenn., 641, 12 S. W. (2d), 368; *State ex rel. Lea et al.* v. *Brown et al.*, 166 Tenn., 669, 64 S. W. (2d), 841, 91 A. L. R., 1246.

The Court cannot consider matters of defense to the charge laid in the rendition warrant, nor can we consider the motives prompting the prosecution of the relator. We find from the record that evidence offered to show that relator was not a fugitive from justice were purely matters of defense to the criminal charge, such as that he had settled the claim and that it was a civil debt that had been discharged in bankruptcy; also that he ''had been once in jeopardy'' in Georgia on the same charge and that '' the indictment grew out of a civil matter that had been adjudicated in the Hamilton County Courts'' in his favor. The Court cannot inquire into the guilt or innocence of the prisoner where relator is under arrest on a rendition warrant. *State ex rel. Redwine* v. *Selman, supra*.

In *State ex rel. Lea* v. *Brown*, 166 Tenn., 669, 683, 64 S. W. (2d), 841, 91 A. L. R., 1246, it was expressly held that this Court is without jurisdiction to reopen and review such questions as denial of due process, want of

legal existence of the trial court, false allegations of venue, illegal testimony, unfair argument, and unfair conduct of the trial judge, etc. In *State ex rel. Redwine* v. *Selman, supra* [157 Tenn., 641, 12 S. W. (2d), 369], the Court held:

"The court will not, in a *habeas corpus* proceeding, inquire into the guilt or innocence of the fugitive. *Chase* v. *State* [*ex rel. Burch*, 93 Fla., 963] 113 So., 103, 54 A. L. R., 271. The inquiry must be confined to the legality of the rendition by the Governor of Tennessee, and of the requisition by the Governor of Georgia. Article 4, sec. 2, of the Constitution of the United States declares:

" 'A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime.' "

For the reasons stated the assignments of error are overruled and the judgment of the trial court is affirmed.