**DAUGHERTY v. HORNSBY,**
**Chief of Police.**
**No. 11262.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 13, 1945.

---

Wm. A. Fuller, H. A. Allen, A. L. Henson, and Gertrude Harris, all of Atlanta, Ga., for appellant.

J. C. Murphy, of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Charged in North Carolina with abandonment and non-support,[1] and arrested and held under warrant[2] of the Governor of Georgia for return to the demanding state, appellant sued out a writ of habeas corpus, and, the writ discharged, appealed. Invoking here, as he did below, the settled rule that to be a fugitive from justice, one must have been personally present within the demanding state when the crime was committed,[3] appellant insists that the evidence overthrows the presumption attending the issuance of the governor's warrant[4] and conclusively establishes that he was not a fugitive from justice, and that he should be discharged from custody.

We cannot at all agree. Petitioner and his wife separated in February of 1943. Between that time and July of that year, when an agreement for payment of $80 a month beginning July 10th, was reached, one or two criminal proceedings other than the one on which this extradition was sought were brought against him for abandonment and non-support. Having left the state before the making of the agreement and returned to make it, petitioner again left the state. After making the July 10th and the August 10th payments, he returned to North Carolina in the last week in August, spending a week or so there with his wife and child. About the 8th or 10th of September, at which time she made him a loan of $100, which he has never repaid, he spent a week end there with his wife and then left the state without paying the September 10th installment, and has since paid her nothing. In September or October of 1944, he was again in North Carolina for a few days. This evidence does not carry petitioner's burden of showing that he was not in the state when the crime of abandonment was committed. Indeed, it furnishes ample basis for the inference that while he was in North Carolina in the latter part of August or the first part of September, he conceived the firm purpose of finally abandoning his duty of support, and then committed an overt act looking to its eventual and complete carrying out.[5] In addition to this, there is evidence that after his intention and purpose to abandon had been fully achieved, he was back in North Carolina in September or October of 1944. Due to

---

[1] "If any husband shall willfully abandon his wife without providing adequate support for such wife, and the children which he may have begotten upon her, he shall be guilty of a misdemeanor." Sec. 4447, Criminal Statute of North Carolina.

[2] 18 U.S.C.A. § 662.

[3] 22 Am.Jur., Sec. 17, p. 255; Sec. 21, p. 259; Innes v. Tobin, 240 U.S. 127, 36 S.Ct. 290, 60 L.Ed. 562; Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L. Ed. 515; Appleyard v. State of Massachusetts, 203 U.S. 222, 27 S.Ct. 122, 51 L. Ed. 161, 7 Ann.Cas. 1073; Hyatt v. People of State of New York, 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657.

[4] 22 Am.Jur., Sec. 52, p. 291; Munsey v. Clough, supra, Note 3.

[5] Strassheim v. Daily, 221 U.S. 280, 31 S.Ct. 558, 55 L.Ed. 735.

the continuing nature of the crime with which he is charged, his temporary presence within the state after the commission of the crime, although for an innocent purpose, made him a fugitive from justice when he again departed from the State.[6] The judgment was right. It is affirmed.

---

[6] 22 Am.Jur., Sec. 21, p. 261; People of State of New York v. Brown, 237 N. Y. 483, 143 N.E. 653, 32 A.L.R. 1164; Chase v. State, 93 Fla. 963, 113 So. 103, 54 A.L.R. 271.