## ANGELONE v. MONAHAN.
### C. A. No. 1001.

United States District Court
D. Rhode Island.
Aug. 2, 1949.

John Quattrocchi, Jr., of Providence, R. I., for plaintiff.

Matthew W. Goring, of Hinckley, Allen Tillinghast & Wheeler, of Providence, R. I., for defendant.

HARTIGAN, District Judge.

This matter was heard on the defendant's motion filed under the provisions of Rule 12(b), Federal Rules Civil Procedure, 28 U.S.C.A. to dismiss the action, or in lieu thereof, to quash the return of summons on the ground that the defendant is a resident of Massachusetts and was not personally served with process within this district and was not and is not subject in the cause of action stated by the complaint to service of process by service thereof upon the Registrar of Motor Vehicles under and by virtue of the provisions of Chapter 103 of the General Laws of Rhode Island, as amended, and the defendant has not and does not now consent to be served in this district.

The complaint alleges that the plaintiff is a resident of Providence, Rhode Island, and the defendant is a resident of North Attleboro, Massachusetts; that on August 23, 1948, in a public highway in either North Attleboro or Attleboro, Massachusetts, the defendant willfully or recklessly or negligently drove or caused to be driven a motor vehicle against the motor vehicle of the plaintiff, damaging it and injuring the plaintiff.

The return on service of writ by the United States Marshal for Massachusetts shows service on the defendant "at 23 West Bacon Street, Plainville, Massachusetts."

Rule 4(f), F.R.C.P. provides:

"Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45."

In Robertson v. Railroad Labor Board, 268 U.S. 619, 622, 45 S.Ct. 621, 622, 69 L.Ed. 1119, the court said:

"In a civil suit in personam, jurisdiction over the defendant, as distinguished from venue, implies, among other things, either voluntary appearance by him or service of process upon him at a place where the officer serving it has authority to execute a writ of summons. Under the general provisions of law, a United States District Court cannot issue process beyond the limits of the district. Harkness v. Hyde, 98 U.S. 476, 25 L.Ed. 237; Ex parte Graham, [Fed.Cas. No. 5,657], 3 Wash. [C.C.] 456; and a defendant in a civil suit can be subjected to its jurisdiction in personam only by service within the district. Toland v. Sprague, 12 Pet. 300, 330, 9 L.Ed. 1093. * * *"

See also Gutschalk v. Peck, D.C., 261 F. 212; Bogar v. Szentmiklosy, D.C., 4 F.R.D. 237; Moreno v. United States, 1 Cir., 120 F.2d 128.

Chapter 103, General Laws of Rhode Island, 1938, as amended, pertaining to the right of "nonresidents" to operate vehicles upon highways of this state and the service of process, has no application to the facts alleged in the complaint.

The defendant's motion to quash return of service of summons is granted.