## JOHNSON v. SCARBOROUGH et al.
### Civ. A. No. 646.

United States District Court
S. D. Texas, Corpus Christi Division.
Dec. 20, 1949.

James W. Drake, Dayton, Ohio, Ted M. Anderson, Corpus Christi, Tex., for plaintiff.

Brown & Scarborough, James B. Hubbard, George Hubbard, Corpus Christi, Tex., for defendants.

ALLRED, District Judge.

Plaintiff filed this action with the Clerk of the Court on August 2, 1949, alleging an arrest by defendant Scarborough, Sheriff of Kleberg County, Texas, on August 4, 1947. His attorney at the time was a nonresident of the State and failed to comply with certain of the local rules; therefore, the Clerk wrote him, sending him a copy of the rules requiring proper endorsement on the documents and directing his attention to the necessity for designation of local counsel. The Clerk finally filed the complaint as of August 9, 1949.

Jurisdiction is based solely on diversity of citizenship.

Plaintiff alleges:

That he is a citizen of the State of Ohio, the defendant Scarborough a citizen of the State of Texas, and Sheriff of Kleberg County, in this District; and the remaining defendants citizens of Florida; the defendant, Conyers, being a policeman of West Palm Beach, Florida, and defendant Roebuck the prosecuting attorney in such place;

That on August 4, 1947, plaintiff was arrested in this District by defendant Scarborough and taken to police headquarters where he was confronted by the defendants, Reed, Conyers and William Willars, "who had in their possession certain papers *signed by the Defendant,* W. E. Roebuck, ordering the arrest and return of Plaintiff to West Palm Beach, Florida"; that plaintiff was then handcuffed and compelled, under threats of force and violence, to enter

an automobile driven by the defendant Reed and taken to West Palm Beach, Florida, accompanied by the defendants, Conyers and Willars; that at the time of his arrest, in the presence of the defendants, Scarborough, Reed, Conyers and Willars, "Plaintiff objected to his return * * * *without an extradition hearing* and demanded the right to obtain counsel which was denied to him by the Defendant J. S. Scarborough and (Plaintiff) only accompanied the Defendants Earl Reed, H. L. Conyers and William Willars, to West Palm Beach, Florida, because of the threats of force and violence to his person aforesaid and against his will." (Italics supplied.)

That as a result of being so arrested and returned to West Palm Beach, Florida, plaintiff was deprived of his liberty without due process of law, was prevented from transacting his business, and suffered great embarrassment, humiliation, and pain of mind and mental anguish. Plaintiff sues for $125,000.00 and costs.

The only allegation as to liability of defendant, Pan-American Surety Co., if any, is that "Defendant Earl Reed was a public bondsman in the employ of the Pan-American Surety." There are no allegations of conspiracy, bad faith or intentional or wilfull conduct.

## On Motion to Quash

The Florida defendants (excepting Willars, who was not served) filed motions denominated, "Motion, Plea of Privilege and Answer," setting out that they are citizens and residents of Florida and therefore entitled to be sued there, and not here; that the summons was served on them in the District of their residence in the State of Florida and that this Court has no jurisdiction over them.

Plaintiff contends that the Florida defendants entered their appearance herein by appearing "and demurring to the complaint." The record does not sustain this.

All of the Florida defendants filed their "Motion, Plea of Privilege and Answer," alleging the service of process upon them out of the territorial confines of the State of Texas, the plea being signed by counsel and followed by a "further answer," if necessary-adopting generally the answer of the defendant Scarborough. This will be treated as a motion to quash the service of process, regardless of its denomination.

The common law rule that a general appearance or answer to the merits precludes a special appearance for the purpose of objecting to venue no longer obtains in Civil Actions in Federal Court, Untersinger v. U. S., 2 Cir., 172 F.2d 298; Birnbaum v. Birrell, D.C. N.Y., 9 F.R.D. 72, 75.

The Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A., providing that no defense is waived by being joined with one or more defenses in a responsive pleading or motion has abolished for Federal Courts the age-old distinction between general and special appearances. Faucher et al. v. McNeil Construction Co. et al., D.C. Nev., 84 F.Supp. 574.

Rule 4(f) of the Federal Rules of Civil Procedure provides that all process, other than a subpoena, may be served anywhere within the territorial limits of the *State in which the District Court is held;* and that it may be served beyond the territorial limits of the State *only* when authorized by a statute of the United States. It is elementary, therefore, that the process issued out of this Court and served upon the defendants in Florida, this being an action in personam, is void. Where jurisdiction rests on diverse State citizenship only, the suit instituted in the residence of the plaintiff can affect nothing, unless he is able there to secure the service of process on the defendants, Curtis v. Utah Fuel Co., D.C. N.J., 2 F.R.D. 570, affirmed, 3 Cir., 132 F.2d 321, certiorari denied 318 U.S. 789, 63 S.Ct. 993, 87 L.Ed 1156; Miller v. Hano, D.C. Pa., 8 F.R.D. 67; Anglone v. Monahan, D.C. R.I., 9 F.R.D. 313.

There is not a simple case of *venue*. Process legally could not be served beyond the confines of Texas. The motion of the Florida defendants, Reed, Conyers, Roebuck and Pan-American Surety, to quash the service of process upon them will be sustained.

### On Motion for Summary Judgment

In addition, all defendants move to dismiss because the complaint fails to state a claim upon which relief can be granted. Attached to the pleadings of the defendants are authenticated copies of extradition proceedings in regular order, showing that plaintiff was charged by verified information with assault to murder (a felony) Stella St. Martin, a female, in Palm Beach County, Florida, on October 13, 1946. The Governor of Florida made requisition upon the Governor of Texas, for extradition, designating defendant Conyers as the Agent of the State of Florida, to receive plaintiff from the constituted authorities of Texas. Governor Beauford Jester executed an extradition writ on August 4, 1947, addressed to All and Singular, the Sheriffs, Constables, and other Civil Officers of Texas, commanding them to arrest, and aid and assist in the arrest of plaintiff and deliver him to defendant Conyers for return to Florida to answer such charge. Defendants' sworn pleadings show that plaintiff was arrested by virtue of said writ and delivered to Conyers.

The only complaint made by plaintiff is that he demanded an extradition hearing and the right to obtain counsel which was denied to him by the defendant Scarborough, and that as a result of being so arrested, he was deprived of his liberty without due process.

Defendants' motion will be treated as one for summary judgment.

Art. IV, Sec. 2, of the Constitution of the United States reads in part as follows: "A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, *shall* on Demand of the executive Authority of the State from which he fled, *be delivered up, to* be removed to the State having Jurisdiction of the Crime." (Italics supplied.)

The Federal Extradition Statutes, implementing the constitutional provision, 18 U.S.C.A. §§ 662, 663, now 18 U.S.C.A. §§ 3182, 3194, reads, so far as applicable here, as follows: "§ 662. Fugitives from State or Territory. Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, *it shall be the duty of the executive authority of the State* or Territory *to which such person has fled to cause him to be arrested and secured,* and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, *and to cause the fugitive to be delivered to such agent when he shall appear.* If no such agent appears within six months from the time of the arrest, the prisoner may be discharged * * *." (Italics supplied.)

"§ 663. Penalty for resisting agent. Any agent so appointed who receives the fugitive into his custody shall be empowered to transport him to the State or Territory from which he has fled."

■ *The person demanded has no constitutional right to be heard before the Governor.* The Federal Extradition Statute does not provide for a hearing or for bail. To hold that a fugitive is entitled to a hearing " 'would, in many cases, render the constitutional provision for extradition, as well as the statute passed to carry it out, wholly useless.' Some of the other cases adhering to this rule are Ex parte Reggel, 1885, 114 U.S. 642, 5 S.Ct. 1148, 29 L.Ed. 250; Pettibone v. Nichols, 1906, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148, 7 Ann.Cas. 1047; Illinois ex. rel. McNichols v. Pease. 1907, 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121; Marbles v. Creecy, 1909, 215 U.S. 63, 30 S.Ct. 32, 54 L.Ed. 92; United States ex rel. Darcy v. Supt. of County Prisons, 3 Cir., 1940, 111 F.2d 409, writ of certiorari denied in 1940, 311 U.S. 662, 61 S.Ct. 19, 85 L.Ed. 425; Ex parte Law, 1911, 2 Ala. App. 257, 56 So. 79; State ex rel. Redwine v. Selman, 1928, 157 Tenn. 641, 12 S. W.2d 368." 135 A.L.R. 975; see also,

Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515.

 The executive warrant of Governor Jester was prima facie evidence of the existence of every fact which the Governor of Texas should have determined before issuing it. Ex parte Nobel, Tex.Cr.App., 199 S.W.2d 893; Daugherty v. Hornsby, 5 Cir, 151 F.2d 799.

Texas has not adopted the Uniform Extradition Act; and no statute of the State of Texas places any other duty upon a Sheriff, arresting a fugitive upon an executive warrant, than to deliver him to the Agent designated for return to the State from which he has fled. The Texas Court of Criminal Appeals has held that a fugitive, arrested upon a warrant issued by the Governor of an asylum State, is not entitled to bail, Ex parte Hobbs, 32 Tex.Cr. R. 312, 319, 22 S.W. 1035, 40 Am.St.Rep. 782.

It appears therefore that, upon arresting plaintiff, defendant Scarborough did exactly what the executive warrant commanded him to do, delivered him to defendant Conyers, the Agent of the State of Florida. All that plaintiff claims is that "at the time of his arrest, and while in the presence of the Defendants, J. S. Scarborough, Earl Reed, H. L. Conyers and William Willars, at police headquarters, in Kingsville, Texas, Plaintiff objected to his return to Palm Beach, Florida, without an extradition hearing and demanded the right to obtain counsel which was denied to him by the Defendant J. S. Scarborough * * *."

Of course, plaintiff might have tested the regularity of the proceedings by habeas corpus, if given the opportunity; but examination of the extradition papers discloses that they were in regular order; so habeas corpus would not have availed him as to the regularity of the proceedings. He could only have tested in Court the additional questions of his identity and, perhaps, his presence in Florida at the time the crime was committed. Even these questions, however, were determined, prima facie, against him by Governor Jester's warrant. Ex parte Nobel, Daugherty v. Hornsby, supra.

In this action, plaintiff does not claim that he was not the person charged, or that he was not present in Florida when the offense was alleged to have been committed. These questions now are conclusively foreclosed by his subsequent prompt conviction in Florida. Plaintiff does not claim that any excessive force was used in making the arrest, or in delivering him to Conyers. He alleges no conspiracy, no intentional purposeful mistreatment. Considered in connection with the record facts, he has simply failed to state a claim upon which relief can be granted.

Defendant's motion for summary judgment will be granted.

It is not necessary, therefore, to discuss whether the action is barred by the Texas limitation statutes.

The Clerk will notify counsel who will prepare an order in accordance with this Memorandum.