STATE *ex rel.* SAUNDERS *v.* ROBINSON, SHERIFF.

*(Nashville,* December Term, 1949.)

Opinion filed March 17, 1950.

HILLDROP & MAYFIELD, of Nashville, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an appeal from the judgment of the criminal court of Davidson County wherein Ellis Saunders' petition for the writ of *habeas corpus* was dismissed.

The only assignment of error complains that the appellant was on parole from the State penitentiary of Illinois and that State has no legal right to revoke his parole for an offense committed in the State of Tennessee. Counsel for appellant states the issue to be decided as follows: "The question involved here, is, whether or not this Illinois sentence can hang over plaintiff in error's head like The Sword of Damocles, and at the behest of the State of Illinois, he can from time to time be imprisoned on the same transaction."

The facts upon which the appellant bases his right to be discharged are not in dispute.

On June 27, 1929 the relator was convicted of armed robbery and sentenced to confinement in the Illinois penitentiary from one year to life. He testifies that after serving approximately twelve years he was out on parole for approximately two years, at which time he was arrested as a parole violator and returned to the Illinois

State penitentiary; that after having served approximately two more years he was again released on parole and came to the State of Tennessee; that he was convicted in the Criminal Court of Davidson County and served a term in the workhouse upon completion of which he was arrested as a parole violator and a fugitive from justice from Illinois.

The State of Illinois has an indeterminate sentence law. See Ill. Revised Statutes 1947, Chapter 38, Section 802. Under the parole law of the State, Ill. Rev. Stat. 1947, c. 38, Section 801 et seq., and which is similar in all respects to the law of Tennessee, all prisoners who are released upon parole, and until the expiration of their maximum sentence, are "considered in the legal custody of the officers of the Division of Correction". . . . "Full power to enforce such rules and regulations and to . . . reimprison any inmate . . . upon parole is hereby conferred upon the officers and employees of the Division of Correction." According to the provisions of Section 9 of the Parole Act the Division of Correction is authorized to release prisoners from custody, but subject to be reincarcerated for any violation of his parole agreement. Such prisoner may be released any number of times but may be retaken as often as he has violated his parole.

In construing our parole statute this Court has said:

" 'In contemplation of law, relator was in the custody of the penitentiary authorities to the same extent as if he had remained in actual confinement. In Section 3 of the act it is specifically provided:

" 'Such convicts, while on parole, shall remain in the lawful custody and under the control of said board, subject at any time to be returned to the penitentiary,' etc.' "

*State ex rel. Nicholson* v. *Bush,* 136 Tenn. 478, 481, 190 S. W. 453.

■ There is ample authority to sustain the holding of the trial court that a parole violator is subject to extradition. "The paroled prisoner is declared to be a fugitive from justice on the ground that he is a convict whose time has not expired and who, therefore, is charged with crime under the United States Constitution." 22 Am. Jur. 264 (Extradition) Section 25; *Ex Parte* Williams 10 Okl. Cr. 344, 136 P. 597, 51 L. R. A., N. S., 668; *Drinkall* v. *Spiegel,* Sheriff, 68 Conn. 441, 36 A. 830, 36 L. R. A. 486.

In *People ex rel. Hutchings* v. *Mallon,* 218 App. Div. 461, 218 N. Y. S. 432 the Court held that a paroled convict who came to New York by express direction of the authorities of the State granting the parole, to accept employment, was extraditable as a fugitive from justice after his parole was revoked by the demanding State.

■ In *habeas corpus* proceedings the only questions involved are whether the relator is charged with an extraditable offense and whether or not such party is a fugitive from justice. *State ex rel. Groover* v. *Payne,* 180 Tenn. 278, 174 S. W. 2d 464; *State ex rel. Lee* v. *Brown,* 166 Tenn. 699, 64 S. W. 2d 841, 91 A. L. R. 1246; *State ex rel. Redwine* v. *Selman,* 157 Tenn. 641, 645, 12 S. W. 2d 368.

■ Under the admitted facts the relator in the instant case is under conviction in the State of Illinois of an indictable offense and is subject to extradition. The trial judge is affirmed.

All concur.