STATE ex rel. Richard EZELL,
Appellant,

v.

H. Q. EVATT, Sheriff, Appellee.

Court of Criminal Appeals of Tennessee.

April 2, 1974.

Certiorari Denied by Supreme Court
May 20, 1974.

Carter H. Schoolfield, Chattanooga, for appellant.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Franklin Grooves, Jr., Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

MITCHELL, Judge.

The petitioner Richard Ezell represented by his attorney Honorable Carter School-field has appealed the dismissal of his habeas corpus petition, contesting his extradition to the State of Georgia, from the Criminal Court of Hamilton County, Honorable Russell C. Hinson, Judge, presiding.

Petitioner Richard Ezell was convicted of child abandonment on a plea of guilty February 22, 1965 in the Superior Court of Walker County, State of Georgia. Petitioner's punishment was fixed at three years in the Georgia penitentiary but it was suspended and he was placed on probation provided he would pay $750.00 support money and continue to pay $40.00 per week child support and maintenance for each of his minor children until they reached the age of 18. On May 5, 1972 the petitioner's probation officer swore out a warrant charging that petitioner had violated the terms of his probation by failure to make his child support payments as required by the order of the Superior Court of Walker County, Georgia and that petitioner had failed to report to his probation officer as required by the terms of his probation.

June 12, 1972 the District Attorney of the Lookout Mountain Judicial Circuit of Georgia filed a petition in the Georgia Court in which he alleged that Richard Ezell had violated the terms of his probation by failing to make his child support payments as ordered by the Court.

On August 8, 1972 Honorable Robert E. Coker, Judge of the Superior Court of the Lookout Mountain Judicial Circuit of Georgia made an order requiring Richard Ezell to appear before him at the Court house at Lafayette, Georgia on September 12, 1972, to show cause why his probation should not be revoked.

Apparently this show cause order was not served on Ezell because he was a fugitive.

The record shows Judge Coker had on May 5, 1972 issued a warrant for the arrest of Richard Ezell for violation of his

probation and suspended sentence requirements.

This warrant too apparently was not executed because petitioner Ezell was a fugitive.

The District Attorney for the Lookout Mountain Judicial Circuit of Georgia on April 30, 1973, filed with the Governor of the State of Georgia a petition which alleged that Richard Ezell had been indicted by the Grand Jury, and had pleaded guilty on February 22, 1965 of the offense of abandonment, and sentenced in the Superior Court of Walker County, Georgia to serve three years in the Georgia penitentiary. That Honorable Robert E. Coker Judge of the Superior Court had suspended the three years sentence and placed Ezell on probation provided he would pay $750.-00 support money for his minor children and continue to pay $40.00 per week for support of the children. That Ezell was physically present in Walker County in the State of Georgia at the time of his plea of guilty and imposition of judgment and sentence, and at the time of the suspension and probation.

That the petitioner Ezell had violated the terms of his suspended sentence and probation and fled to the State of Tennessee and had failed and refused to make the support payments as ordered by the Court. That petitioner Ezell was a fugitive from justice and that this application was not made for the purpose of enforcing the collection of a debt or for any private purpose. That the ends of justice require that Richard Ezell be brought back to the State of Georgia for the purpose of revoking his suspended and probated sentence.

That a bench warrant for the arrest of the petitioner Ezell had been issued by the Court.

That the Governor of Georgia on the 18th day of May, 1973, made formal application to the Governor of the State of Tennessee for the arrest and delivery of the petitioner Richard Ezell, a fugitive from justice, and appointed Sheriff Ralph Jones, Deputy Sheriff Raymond Gideon and Investigator Ken Visage as agents on the part of the State of Georgia for the purpose of bringing the fugitive from justice to the State of Georgia.

On June 7, 1973, the Governor of the State of Tennessee issued his formal rendition warrant for the arrest of petitioner Richard Ezell and his delivery to the agents of the State of Georgia for the return to the requesting state.

After petitioner Ezell was arrested on the warrant issued by the Governor of Tennessee he filed a petition for a writ of habeas corpus in which he alleged he was unlawfully held and restrained of his liberty by virtue of the warrant issued by the Governor of Tennessee for the offense of abandonment.

That he was not in the State of Georgia at the time of the alleged commission of the offense and that he was not amenable to the State of Georgia authorities. He further alleged that he believed he had pending before the Governor of Tennessee a request that he be allowed an extradition hearing, and that he was requesting the Governor to withdraw the same. That he prayed that a writ of habeas corpus issue, and be sustained.

The District Attorney for the Hamilton County, Tennessee Judicial Circuit filed an answer to Ezell's petition in which he denied the restraint was illegal but that petitioner Ezell was being held on a warrant properly issued by the Governor of Tennessee. The District Attorney contended the petitioner was in the State of Georgia at the time he was convicted of abandonment and put on parole.

The minutes of the Criminal Court of Hamilton County, Tennessee of October 4, 1973 show that there was a hearing on Ezell's petition for writ of habeas corpus and that after a portion of the proof was heard, the hearing was adjourned to October 19, 1973, and time allowed the relator

and respondent to file trial briefs. The minutes of October 19, 1973 show the hearing was resumed and the petition was dismissed and Ezell appealed.

There is no bill of exceptions in the record to reflect what evidence if any was heard.

The petitioner contends in his brief that the petition to revoke the suspended sentence and the probation was not filed until April 30, 1973. With this we cannot agree. This contention is refuted by the record which shows the Georgia District Attorney on June 12, 1972, wrote a petition seeking revocation of the suspended sentence and probation of petitioner Richard Ezell and that on August 8, 1972 the Judge of the Superior Court in Georgia issued a show cause order against Ezell. The record further shows that on May 5, 1972 Judge Robert E. Coker, Judge of the Superior Court of Walker County, Georgia issued a warrant for the arrest of Richard Ezell for violation of his probation. The April 30, 1973 date mentioned in petitioner's brief is the date of the District Attorney's petition addressed to the Governor of the State of Georgia requesting extradition of petitioner Ezell from the State of Tennessee.

The petitioner contends it was error for the Governor of Tennessee to issue the writ of extradition on the showing made by the State of Georgia. We find no merit in this contention.

■ The issuance of a rendition warrant by the Governor of Tennessee created a prima facie case that Ezell was lawfully charged with a crime in Georgia and had fled therefrom. In State ex rel. Brown v. Grosch, 177 Tenn. 619, 152 S.W.2d 239, the Court said:

" 'The issuance of the warrant of extradition by the chief executive of this state creates a prima facie case that the petitioner was lawfully charged with a crime in the demanding State and that he was a fugitive from justice thereof. Illinois ex rel. McNichols v. Pease, 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121.'

We have further held that in order to warrant his discharge from custody, the proof must clearly and satisfactorily show that the prisoner is not a fugitive from justice. State ex rel. v. Foster, 160 Tenn. 285, 23 S.W.2d 660, 24 S.W.2d 897.

It is not necessary that the evidence show absolutely that the party charged with the crime be present in the demanding State at the exact moment at which the crime is shown to have been committed. It is sufficient that the evidence show that such party was in the demanding State on or about the time alleged. Strassheim v. Daily, 221 U.S. 280, 31 S. Ct. 558, 55 L.Ed. 735; Hogan v. O'Neill, 255 U.S. 52, 41 S.Ct. 222, 65 L.Ed. 497; Ex parte Germain, 258 Mass. 289, 155 N.E. 12, 51 A.L.R. 789."

■ The requisition by the Governor of Georgia is in order and shows the petitioner was a fugitive from justice, that he had been convicted of a felony on a plea of guilty, had been duly sentenced and his sentence was suspended and he was placed on probation on condition that he make certain support payments for his dependent children and continue to make weekly payments for their support at the rate of $40.-00 per week. That he had violated the terms of his suspended sentence and probation and had fled from the State of Georgia to the State of Tennessee.

The petitioner further contends that the trial court erred in refusing to sustain the petition for writ of habeas corpus and discharge the petitioner. There is no merit in this contention.

■ The burden was on petitioner to show that he was not in the demanding state at the time the crime was committed and he has failed to carry that burden.

■ The petitioner's contention that the record shows he has served the sentence

imposed on him by the Georgia Court and to allow him to be extradited would violate his rights under the 5th Amendment to the Federal Constitution and would put him twice in jeopardy, is untenable.

 Guilt or innocence cannot be inquired into on habeas corpus, T.C.A. 40–1014. Nor can the Court consider matters of defense to the charge laid in the rendition warrant. State ex rel. Groover v. Payne, 180 Tenn. 278, 174 S.W.2d 464.

 The question whether the petitioner has served his sentence is a question to be determined by Georgia law and must be determined in the Georgia Court.

In State ex rel. Groover v. Payne, supra, the Court said:

"The Court cannot consider matters of defense to the charge laid in the rendition warrant, nor can we consider the motives prompting the prosecution of the relator. We find from the record that evidence offered to show that relator was not a fugitive from justice were purely matters of defense to the criminal charge, such as that he had settled the claim and that it was a civil debt that had been discharged in bankruptcy; also that he 'had been once in jeopardy' in Georgia on the same charge and that 'the indictment grew out of a civil matter that had been adjudicated in the Hamilton County Courts' in his favor. The Court cannot inquire into the guilt or innocence of the prisoner where relator is under arrest on a rendition warrant. State ex rel. Redwine v. Selman, supra. In State ex rel. Lea v. Brown, 166 Tenn. 669, 683, 64 S.W.2d 841, 91 A.L.R. 1246, it was expressly held that this Court is without jurisdiction to reopen and review such questions as denial of due process, want of legal existence of the trial court, false allegations of venue, illegal testimony, unfair argument, and unfair conduct of the trial judge, etc. In State ex rel. Redwine v. Selman, supra (157 Tenn. 641, 12 S.W.2d 368), the Court held:

'The Court will not, in a habeas corpus proceeding, inquire into the guilt or innocence of the fugitive. Chase v. State (ex rel. Burch), 93 Fla. 963, 113 So. 103, 54 A.L.R. 271. The inquiry must be confined to the legality of the rendition by the Governor of Tennessee, and of the requisition by the Governor of Georgia. Article 4, sec. 2, of the Constitution of the United States declares:

"A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime." ' "

We are unable to find anywhere in the record any evidence that he has served his sentence. There is in a paragraph of the Georgia District Attorney's petition, addressed to the Georgia Trial Court, an allegation that the Court "permitted the defendant to serve said sentence on probation the terms and conditions of which are fully set forth in a copy of the sentence."

We are unable to find any order or decree or pronouncement by the Court that he was permitted to serve his sentence on probation. The language here quoted from a copy of the district attorney's petition in the technical record is not proof. It was not that petition which the Georgia Trial Court made his show cause order on the petitioner. The record fails to show the order was ever served on the petitioner who apparently was a fugitive from justice.

 There is no proof in the record to support the petitioner's contention that the State of Georgia is trying to use the criminal process of the law to collect a civil debt.

The procedure in cases of this kind and the authority for extradition of an accused person from one state to another is clearly explained and set forth in an opinion by Honorable Hamilton S. Burnett, the late Chief Justice of the Supreme Court of

Tennessee. In the case of State ex rel. Sandford v. Cate, 199 Tenn. 195, 285 S.W. 2d 343, there the Court said:

"So far as we have been able to ascertain, and certainly under the authorities in this State, the issuance of a rendition warrant by the executive of the asylum state creates a prima facie case that the person sought to be extradited was lawfully charged with crime in the demanding state and had fled therefrom. State ex rel. Brown v. Grosch, 177 Tenn. 619, 623, 152 S.W.2d 239. See also Code, Section 11935.3, Williams' Annotated Code and Section 40–1010 of T.C.A. In the diminution of record there is a rendition warrant and other papers sufficient to bring this case within the statement last above made.

When such a situation is present the petitioner or appellant in this case has the burden of attacking the validity of such proceedings in the demanding state and this burden is that he must show that he does not stand substantially charged with the crime therein. We have held that a capias of the demanding state which authorized any peace officer of the demanding state to arrest the relator upon the affidavit of crime duly filed against him serves the purpose of the statute, 11935.3, Williams Annotated Code, which is to show the Governor of the asylum state that there is a valid charge against the relator in the demanding state and this constitutes a compliance with the statute. State ex rel. Trigg v. Thompson, 196 Tenn. 147, 270 S.W.2d 332.

This extradition, as well as all others, originates by virtue of the provisions of the Federal Constitution. The decisions of the Supreme Court of the United States are binding upon us in this respect. State ex rel. Brown v. Grosch, supra; South Carolina v. Bailey, 289 U. S. 412, 53 S.Ct. 667, 77 L.Ed. 1292.

It seems well settled by the Federal authorities that the courts of the asylum state (Tennessee in this instance) will not entertain technical objections to the accusation in the demanding state but to the contrary, will leave to the petitioner his rights in the courts of such demanding state to test the validity of the accusation there made against him. As we see it such a rule is unanswerable and all reason points to the correctness thereof.

Probably the leading case on this question is that of Munsey v. Clough, 196 U. S. 364, 25 S.Ct. 282, 284, 49 L.Ed. 515 wherein among other things it is said:
'The sufficiency of the indictment, as a matter of technical pleading, will not be inquired into on habeas corpus. * * *

* * * These are matters for the trial court of the demanding state, and are not to be inquired of on this writ. If it appear that the indictment substantially charges an offense for which the person may be returned to the state for trial, it is enough for this proceeding.'

In a rather extensive note on this question found in 81 A.L.R. at page 552 it is seen that almost without exception the courts of the asylum state such as Tennessee in the instant case have declined to entertain objections to the form of the indictment and have almost universally adhered to the principle that if the substantial charge amounts to a crime generally, it will be held adequate in the asylum state (Tennessee)."

The record shows Richard Ezell was present in the demanding state at the time of the alleged crime, that he is now in this State, and lawfully charged in the demanding State with having broken his parole and therefore the provisions of T.C.A. 40–1012 are satisfied.

The assignments of error are overruled and the judgment of the trial court in dismissing the petition for writ of habeas corpus is affirmed.

GALBREATH and OLIVER, JJ., concur.