## STATE v. ALLEN.

A complaint which, after charging embezzlement of a carriage
and harness, adds "and in the manner aforesaid did take, steal and
carry away said buggy and double harness," does not charge two of-
fenses, as the latter words, being unnecessary and immaterial, will be
treated as surplusage.

The motive in embezzlement being immaterial, it is not error to
charge that the jury need not trouble themselves therewith if they
found defendant embezzled the property.

The evidence not being set out in the abstract, and therefore not
being before the court on appeal, it will be presumed that instructions
were refused because they were not justified by the evidence.

The court need not give the requested instruction that, if the
property was converted by any other person than defendant, the jury
cannot find defendant guilty unless they find it was embezzled with
his knowledge, this being covered by the instruction given that to
convict the jury must be satisfied that defendant, alone or with an-
other, did actually embezzle the property.

That security was given for property embezzled is immaterial; so
that evidence thereof admitted in the course of the trial may be ex-
cluded by the charge.

Under Rev. Code Cr. Proc. § 72, providing that, when an offense is
committed partly in one county, and partly in another, the jurisdiction
is in either, defendant may be tried for embezzlement in the county
in which he received the property and to which he was to return it,
though he took it into another county.

(Opinion filed, December 21, 1906.)

Error to Circuit Court, Lyman County.

Bert Allen was convicted of embezzlement, and brings error. Affirmed.

*J. G. Bartine,* for plaintiff in error. *Philo Hall, Atty. Gen.; Aubrey Lawrence, Asst. Atty. Gen.,* and *William Williamson, Jr., State's Atty.,* for the State.

CORSON, J. On an information filed in the circuit court of Lyman county, by the state's attorney thereof, the plaintiff in error was tried and convicted of the crime of embezzlement. Before the trial, counsel for plaintiff in error, who we shall hereafter denominate the "defendant," moved the court to set aside the information upon the ground "that the same is not found and presented as prescribed by law, in that the information in the justice court, on which the information herein is predicated, charges two separate and distinct offenses." This motion was properly denied for the reason that the complaint in the justice court and the information upon which the defendant was tried charged substantially the same offense: namely, the embezzlement of "one double-seated carriage of the value of seventy-five dollars ($75.00) and one set of double harness of the value of fifteen dollars ($15.00)." The contention of the defendant that the complaint in the justice court charged two offenses is not tenable. There is clearly but one offense charged therein and the addition of the words, "and in the manner aforesaid did take, steal, and carry away said buggy and double harness," is clearly unnecessary and immaterial and may be regarded as surplusage, the offense of embezzlement having been fully charged in the body of the complaint. The information contains substantially the same allegations as the complaint with the words above quoted omitted. The information, therefore, was properly based upon the complaint in the justice court and the provisions of the statute relating thereto were fully complied with.

It is disclosed by the record that the defendant and one Riley hired the carriage and harness, alleged to have been embezzled, from the prosecuting witness, Bucklin, and on the trial evidence was introduced tending to prove that the defendant, at the time of hiring the rig, left with said Bucklin a saddle of the value of $40 or $45, as security, and that the saddle was subsequently sold

to Bucklin for the sum of $20, and the money retained by him. The court in its charge to the jury instructed them that: "'The question of motive need not be determined in this case; a crime may be as complete without a motive as it is with it. So you will not trouble yourselves with what the motive of the defendant might have been in embezzling the property if you find he did embezzle it." It is contended by the defendant that this instruction was erroneous. But we are of the opinion that the court committed no error in giving this instruction. The motive of the defendant in embezzling the property, if such was the fact, was immaterial as the only question for the jury to determine was whether or not they were satisfied beyond a reasonable doubt that the defendant fraudulently converted the property.

It is further contended by the defendant that the court erred in refusing to give the following instruction requested by the defendant before the court had concluded its charge to the jury: "You are further instructed that, if the property was converted by any other person than the defendant, you cannot find the defendant guilty unless you find beyond a reasonable doubt that it was embezzled with the knowledge of the defendant." At what time this instruction was requested does not affirmatively appear, but from the statements made in the abstract we may reasonably presume that it was near the close of the court's charge and might properly have been refused as not being presented in time to enable the court to give it proper consideration. It does not affirmatively appear that the instruction was applicable to this case as the evidence given at the trial is not set out in the abstract and is not, therefore, before us; in such case this court will presume that instructions refused by the court were refused because they were not justified by the evidence, where there is no evidence in the abstract to support the same. Haggarty v. Strong, 10 S. D. 585, 74 N. W. 1037. But in any event the refusal to give the instruction did not constitute reversible error for the reason that the court fully instructed the jury that they must be satisfied beyond a reasonable doubt that the defendant, either alone or in connection with another person, did actually embezzle the property, and, if they had a reasonable doubt of the defendant's guilt, they should

acquit him. The court was not, therefore, required to give the instruction in the form requested by the defendant.

After the jury had retired to deliberate upon their verdict they were recalled into court and it, in effect, withdrew from their consideration all evidence relating to the saddle and instructed them to determine the case without any reference to that evidence. It is contended by the defendant that this instruction was erroneous. In our opinion the court committed no error in withdrawing this evidence from the jury, as the fact that the saddle was so left did not constitute any defense to the charge of embezzlement contained in the information. The question for the jury to determine, as before stated, was, did the defendant embezzle this property, either alone or in connection with another, and the fact that he left the saddle as security constituted no defense to the charge. In People v. De Lay, 80 Cal. 52, 22 Pac. 90, it appeared that the defendant had given to the parties a written indemnity to pay a certain judgment recovered by them against the assignor, who had made an assignment to the defendant for the benefit of her creditors, and this was urged as a defense to the charge of embezzlement, but the learned Supreme Court of California in speaking of this indemnity says: "The fact that Nunan and Lowney took a written indemnity from the defendant in no way affects the guilt or innocence of the defendant, who is charged with embezzling the property intrusted to him for certain purposes by Mrs. Furlong." If such a defense was admissible as a defense to an action it would be quite difficult to convict a town, city, or county treasurer, an officer of a bank or corporation, etc., of embezzlement, as all or nearly all of such officers are required to give security for the faithful performance of their duties and to pay over all moneys intrusted to them, yet, so far as our researches extend, the fact that the party charged with embezzlement has given such security has not been held to constitute any defense to the charge. The court was clearly right, therefore, in withdrawing from the jury all the evidence relating to the saddle. The fact that such evidence had been admitted on that subject in the course of the trial which should have been excluded did not preclude the court in its charge from excluding this immaterial evidence so admitted from the consideration of the jury.

The court in its charge to the jury further instructed them as follows: "Now, in regard to the county, I might say to you that where property is taken in one county by embezzlement and carried into or through another county, the defendant may be tried in either county. And where property is intrusted to a person in one county and he is to return it in that same county, and he afterwards embezzles it, he may be tried in that county, notwithstanding he may have taken it into or through other counties. So it is applicable to this case. If the defendant was intrusted with the property in this county and he was under obligations and it was the understanding it should be returned in this county, and he afterwards embezzles it, he may be prosecuted in this county, although the property may have been taken into other counties or into other states. If you believe, then, from all the evidence, beyond a reasonable doubt, that, within the county and the time I have mentioned, any of the property mentioned in the information was intrusted to this defendant as a bailee, individually or jointly with others, and that the defendant fraudulently converted or appropriated it, or was concerned in or implicated in the fraudulent conversion or appropriation of it, you should find the defendant guilty of embezzlement as charged in the information. If you have a reasonable doubt as to any one of these facts being proven you should find the defendant not guilty." This part of the charge of the court is clearly authorized by section 72 of our Revised Code of Criminal Procedure which provides as follows: "When a public offense is committed, partly in one county and partly in another county, or the acts or effects thereof, constituting or requisite to the offense, occur in two or more counties, the jurisdiction is in either county."

It is further contended by the defendant that the evidence was insufficient to support the verdict. This contention cannot be considered by this court for the reason that all the evidence is not set out in the abstract, and the evidence, therefore, not being before us, cannot be reviewed by this court.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.