The People ex rel. William J. Currier, Relator, *v*. The Chief of Police of the City of Rochester, New York, Respondent.

(County Court, Monroe County, October, 1916.)

Habeas corpus — to inquire into cause of detention of relator held on warrant — evidence — criminal law — when writ must be dismissed.

On habeas corpus to inquire into · the cause of the detention of relator held on a warrant issued by the governor of this state upon the requisition of the governor of another state demanding relator's return on the ground that he had committed a certain designated offense, which said executive certifies is a crime under the laws of that state, the presentation to the governor of this state properly authenticated of a copy of the information duly verified, charging relator with having committed said offense together with the warrant issued thereon, is sufficient to require the surrender of relator, and the writ of habeas corpus must be dismissed.

Where the representations of the governor of the demanding state, as to relator's commission of the offense charged and that he has fled from the demanding state and taken refuge in the state of New York, appear upon the face of the warrant issued by the governor of New York, and relator refuses to offer any evidence as to his whereabouts at the time of the commission of the crime charged, the statements in the governor's warrant must be taken as proof of the fact that relator was corporeally present in the demanding state at the time the crime charged was committed therein.

Proceedings upon writ of habeas corpus to inquire into the cause of detention of the relator.

John J. McInerney, for relator.

James Mann for respondent.

Barhite, Special County Judge.   The relator is held by virtue of a warrant issued by the governor of the

state of New York upon the requisition of the governor of the state of Illinois demanding the relator's return, upon the ground that he has committed the crime of confidence game in the state of Illinois.

In the amended traverse to the return the relator denies that he is the person named in the requisition issued by the authorities of the state of Illinois, but upon the argument before me it was conceded that the relator is the same person mentioned in the requisition of the governor of the state of Illinois and in the warrant issued by the governor of the state of New York.

But two questions are raised before me in this proceeding. One is whether the verified complaint in the Municipal Court of Chicago is sufficient in this court and before the governor of the state of New York to require the surrender of the relator. At the foundation of this question there is the inquiry whether it is the duty of the authorities of the state of New York to examine into the regularity of the proceedings in the courts of the state of Illinois. It might appear from a cursory reading of the headnote of the opinion in the case of *People ex rel. Lawrence* v. *Brady,* 56 N. Y. 182, that it was the duty of the governor of this state before issuing his warrant to examine into the regularity of the proceeding in the state of Illinois and whether or not there was evidence in the papers presented that the relator had committed the crime charged against him. In the case cited, as here, it appears that the relator was charged with an offense not known to the criminal laws of this state, but it appears that the basis of the decision in the *Brady* case was the fact that the papers presented did not contain a charge of crime nor did it appear that the relator was guilty of any offense punishable by the laws of the demanding state, and the Court of Appeals held that if the offense there charged was a crime in

County Court, Monroe County, October, 1916. [Vol. 97.

the state from which the requisition was issued that fact should have been shown by the affidavits; that the courts of this state cannot take judicial notice of the laws of another state and that the presumption, in the absence of proof, is that its courts agree with our own in declaring and interpreting the common law. Here, however, we find that the governor of the state of Illinois certifies that the offense of " confidence game " is a crime under the laws of that state and that the relator stands charged with having committed said crime in that state. We find that there is a broad distinction between the *Brady* case and the one at bar.

In *People ex rel. Nubell* v. *Byrnes,* 33 Hun, 98, the same question raised by the relator in this proceeding arose and was answered by the General Term of the first department. That court in calling attention to that provision of the Constitution of the United States which provides for the surrender by one state to another of a person charged with crime says: " What the Constitution has required and all that it has required, to authorize proceedings of this description, is that the person proceeded against shall be charged in another State with treason, felony or other crime, and that he shall have fled from justice, and shall be found in the other State. * * * This provision does not confer upon the authorities of the State in which the person may be found the power to try or determine the question whether the charge may have been legally well founded or not. But that was left to be determined by the authorities of the State having jurisdiction of the crime. All that this provision has required to authorize the return of an alleged fugitive is, that he shall be the person who has been charged, and that a criminal charge shall have been made against him."

And again referring to the duty of the executive of the state upon whom the demand is made, the court

says: " He is vested with no authority to examine into the charge or the sufficiency of the indictment but has been required to act solely upon the facts; that the charge has been embodied in the indictment found by the constituted authorities and a copy of the indictment has been presented to him properly authenticated."

Here a copy of the information and the warrant issued upon that information were presented to the governor of this state properly authenticated. It only remains to hold that we are not concerned with the question as to whether or not the relator has been properly charged with the crime in the state of Illinois, but that question must be determined when properly raised before the courts of that state. .

The next question is whether it sufficiently appears before this court that the relator was corporeally present in the state of Illinois at the time of the alleged commission of the crime.

When brought before the court the relator disclaimed any intention of producing any evidence to show that he was not in the state of Illinois at the time the alleged offense was committed by him. It must be conceded under the decision in *People ex rel. Corkran* v. *Hyatt,* 172 N. Y. 176, that if the relator was not corporeally present in the demanding state at the time of the commission of the offense with which he was charged that that state cannot now demand his return, and that case further holds that the fact whether or not the person charged is a fugitive from justice is a matter of proof, Chief Judge Cullen in his opinion using these words: " The fact that he is a fugitive is, therefore, a matter of proof. *While the warrant of the governor is presumptive evidence of the fact, there is* no reason on principle why it should be conclusive." And Judge O'Brien in his opinion in the same case

17

refers to the fact that the warrant of the governor of this state on its face stated that it had been represented to the governor of this state by the governor of the state of Tennessee that the relator was charged in that state with the crime of larceny and false pretenses and that he had fled from that state and taken refuge in this state, and continues: " These statements on the face of the warrant were to be taken as presumptively true in the first instance, and, if the inquiry rested there, the defendant had made out a *prima facie* case to justify the detention."

An examination of the warrant of the governor of the state of New York in the case at bar shows that it states upon its·face that it has been represented by the governor of the state of Illinois that the relator stands charged in that state of the crime of confidence game, which the said governor certifies to be a crime under the laws of that state and that said relator has fled therefrom and taken refuge in the state of New York.

Under the decisions quoted it must be held here, the relator having refused to offer any evidence as to his whereabouts at the time the crime charged was committed, that the statements in the governor's warrant must be taken as proof of the fact that relator was corporeally present in the state of Illinois at the time the crime charged was committed.

The writ of habeas corpus must be dismissed and the relator remanded to the custody of the chief of police of the city of Rochester, N. Y., to be surrendered by him to the agent of the state of Illinois as provided in the warrant of the governor.

Writ dismissed and relator remanded.