STATE OF TENNESSEE, *ex rel.,* WALTER HARRIS, *v.* W. J. BACON, SHERIFF.*

(*Nashville,* December Term, 1931.)

Opinion filed, June 4, 1932.

---

*As to proof on habeas corpus of absence from demanding state, see annotation in 51 A. L. R., 797; 12 R. C. L., 1248; R. C. L. Perm. Supp., p. 3289.

On inquiry on habeas corpus as to guilt of accused, see 12 R. C. L., 1247; R. C. L. Perm. Supp., p. 3289.

Bates, Shea & Frazer, for plaintiff in error.

C. M. Bryan, J. H. Norville and Nat Tipton, Assistant Attorney-General, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

This is an extradition case by which the plaintiff in error resists being turned over to the Kentucky authorities, upon the sole ground that he is not a fugitive from justice. He contends that he was not in Paducah, Kentucky, on January 31, 1931, or at any other time prior thereto.

The facts are that about 12:30 P. M. on the day just named four masked persons entered the People's Na-

tional Bank, of Paducah, Kentucky, and by force took therefrom $26,000 in currency and silver, and succeeded in getting away. While three of the employes of said bank identified plaintiff in error as one of the four who committed the robbery, numerous witnesses testified that plaintiff in error was in Memphis that day, and the trial court so found. His finding as to this matter is not questioned.

It is insisted by defendant in error, however, that plaintiff in error was in Paducah on the night of January 30, 1931, a controverted question of fact, and on that occasion entered into a conspiracy with the four persons referred to to rob the bank the next day. It appears from the evidence that the distance from Memphis to Paducah is 175 miles, the road between the two cities being hard surfaced, and that the distance can be covered by automobile in from four to five hours.

In *State ex rel. Guy* v. *Foster,* 160 Tenn., 285, it was held that in a case of this character it is competent for the relator to introduce evidence of his absence from the demanding state at the time the alleged crime was committed, but that the proof must be of such a character as to clearly and satisfactorily convince the court that he is not a fugitive from justice.

In 29 Corpus Juris, 78, it is said: "To be sufficient to require a discharge upon the ground that accused is not a fugitive from justice, the evidence must establish that fact clearly and satisfactorily, some authorities say conclusively. The court will not discharge a defendant arrested under an extradition warrant where there is merely contradictory evidence on the subject of presence in, or absence from, the state, as *habeas corpus* is not the proper proceeding to try the question of alibi, or any

question as to the guilt or innocence of accused. But if it clearly appears that accused is not in fact a fugitive, discharge will not be refused simply because there is some conflict in the evidence.''

In 12 Ruling Case Law, 1248, it is said: ''When it is conceded, or when it is so conclusively proved that no question can be made, that the person was not within the demanding state when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at that time in such state, then the court will discharge the defendant. But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state, as *habeas corpus* is not the proper proceeding to try the question of alibi or any question as to the guilt or innocence of the accused.''

In *Munsey* v. *Clough,* 196 U. S., 364, 49 L. Ed., 515, 518, it is said: ''When it is conceded, or when it is so conclusively proved that no question can be made, that the person was not within the demanding state when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at that time, in the demanding state, then the court will discharge the defendant. *Hyatt* v. *New York,* 188 U. S., 691, 47 L. Ed., 657, 23 Sup. Ct. Rep., 456, affirming the judgment of the New York court of appeals, 172 N. Y., 176, 60 L. R. A., 774, 92 Am. St. Rep., 706, 64 N. E., 825. But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state, as *habeas corpus* is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused.''

The reason for the rule thus announced is stated in *Appleyard* v. *Massachusetts*, 203 U. S., 222, 226, 51 L. Ed., 161, 163, as follows: ''The constitutional provision relating to fugitives from justice, as the history of its adoption will show, is in the nature of a treaty stipulation entered into for the purpose of securing a prompt and efficient administration of the criminal laws of the several states,—an object of the first concern to the people of the entire country, and which each state is bound, in fidelity to the Constitution, to recognize. A faithful, vigorous enforcement of that stipulation is vital to the harmony and welfare of the states. And while a state should take care, within the limits of the law, that the rights of its people are protected against illegal action, the judicial authorities of the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state.''

The question as to the presence of the plaintiff in error in Paducah, Kentucky, on the night of January 30, 1931, being in conflict, the court, upon the above authority, will not undertake to settle the controversy.

The first count of the indictment found in the Kentucky court charged that plaintiff in error and other named persons entered into a conspiracy to rob said bank, and that in furtherance of said conspiracy they did rob said bank on January 31, 1931. The second count charges the same parties with entering into the conspiracy, but states that plaintiff in error did not personally participate in the robbery.

If in fact plaintiff in error entered into such a conspiracy and the overt act was committed by his confederates, he would be guilty even though he was absent

at the time of the robbery.   Pierce v. State, 130 Tenn. 44; 12 C. J. 559.

Such was the view entertained by the trial court, and his judgment will be affirmed.