STATE *v.* OLIVER.

(*Knoxville,* September Term, 1939.)

Opinion filed February 17, 1940.

NAT TIPTON, Assistant Attorney-General, for plaintiff in error.

J. RALPH TEDDER, of Rockwood, and CHARLIE CALLOWAY, of Knoxville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant was arraigned upon an indictment for fraudulent breach of trust. He interposed a plea to the jurisdiction of the court, which was sustained, and the State appealed.

The indictment charged that, in the County of Roane, defendant did fraudulently appropriate to his own use a described automobile of the value of $650, the same being placed in defendant's hands to be sold by him as the agent of one Johnson, and the defendant being bound to return the said automobile or its proceeds to the said Johnson, which he had wholly failed to do, etc.

Defendant's plea sets out that he was an automobile dealer in Knox County, that the automobile was delivered to him in Roane County to be taken to Knox County for sale and in connection with the transaction that defendant executed this instrument:

"Harriman, Tennessee. 10—28037. Received of Johnson Motor Co., Harriman, Tennessee, one custom-

built 1937 Hudson sedan, Serial No. 732892. This car is consigned to us for sale at a net price to Johnson Motor Co. of $650. Title to said car to remain in Johnson Motor Co., until the amount of $650 is paid to us in full. We agree to remit the amount of $650 to Johnson Motor Company as soon as car is sold. This October 26th, 1937. Market St. Motor Co., by W. M. Oliver.''

The plea then avers that the automobile was taken to Knox County by defendant and sold in Knox County and concludes therefore that the venue of the crime or offense, if an offense or crime was committed, was in Knox County and not in Roane County.

As above stated, this plea was sustained by the trial judge. The transcript discloses some irregularities, pointed out by counsel for each side, in the procedure below. However, the State specifically asks for a rule on the question of the jurisdiction of the trial court and, since this question must be resolved against the State, we may overlook the condition of the record.

As noted in *Hill* v. *State,* 159 Tenn., 297, 17 S. W. (2d), 913, embezzlement and fraudulent breach of trust are kindred offenses, although distinct under our statutes. Whether the one offense or the other has been committed is determined by the manner in which the property converted came into the hands of the defendant. Fraudulent appropriation is the essence of each offense. Insofar as the fraudulent appropriation consists in the failure to account, jurisdiction would naturally be determined by the same rule in a prosecution for one offense as in the prosecution for the other offense.

This being so, the State insists that the matter of jurisdiction is settled by *Lambeth* v. *State,* 3 Shan. Cas., 754. In that case an express messenger on a train running through Mississippi into Memphis, Tennessee, re-

ceived packages and converted them to his own use in Mississippi. He was indicted in Memphis and and it was urged that the court in Memphis did not have jurisdiction of the offense. This court, however, sustained the jurisdiction because it said the fraudulent appropriation was a continuous transaction until the defendant came within the jurisdiction of the court at Memphis, where it ripened into the crime of embezzlement upon his failure to account for the converted packages at the Memphis agency.

In addition, we have Code, section 11475, providing that where an offense "is committed partly in one county and partly in another, or the acts or effects thereof constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county."

The argument for the State is that it was the duty of the defendant here to account for the automobile involved or its proceeds in Roane County and consequently the court in that county had jurisdiction. We are referred to a number of decisions in which it has been held that a prosecution for an offense similar to this might be maintained in a county where it was the duty of a defendant to account, although the conversion took place in another county. Such we believe to be the general rule. *Cohoe* v. *State*, 82 Neb., 744, 118 N. W., 1088; *Campbell* v. *State*, 35 Ohio St., 70; *State* v. *Bailey*, 50 Ohio St., 636, 36 N. E., 233; *State* v. *Hangen*, 106 Iowa, 711, 77 N. W., 453; *State* v. *Carter*, 126 N. C., 1011, 35 S. E., 591, and *State* v. *Allen*, 21 S. D., 121, 110 N. W., 92, —all referred to by the Attorney-General.

The plea here sets out the receipt for the automobile executed by the defendant and his obligation as follows: "This car is consigned to us for sale. . . .

We agree to remit the amount of $650 to Johnson Motor Company as soon as car is sold." It further appears that the car was to be sold and was sold in Knoxville in Knox County and that the Johnson Motor Company was located at Harriman in Roane County.

It was the duty of the defendant "to remit . . . as soon as car is sold." In a commercial sense *to remit* means "to transmit or send, esp. to a distance, as money in payment of a demand, account, draft, etc." Webster's New International Dictionary. The obligation of accounting for the proceeds of the automobile imposed no obligation upon defendant to return to Roane County, although he received the property there.

In all the cases, except one, relied on by the State, and heretofore cited, there seems to have been a duty resting upon the defendant to account in person for the property received or its proceeds in the jurisdiction where he came into possession of the goods or securities misappropriated. The excepted case is *State* v. *Bailey*, 50 Ohio St., 636, 36 N. E., 233, in which the prosecutor received a letter, written and posted from another jurisdiction, indicating that the defendant had not sold the goods placed with him. As a matter of fact he had sold them, converting the proceeds to his own use in the other jurisdiction. It was the duty of the defendant to remit his collections by mail as here. The prosecution was sustained in the jurisdiction from which the goods came.

·*State* v. *Bailey*, *supra*, followed a similar case, *Queen* v. *Rogers*, 3 L. R. Q. B., Div. 28, in which the defendant had written a letter from another jurisdiction intending that the prosecutor should understand that he had not collected moneys which he had collected and misappropriated and intending that the letter should be re-

ceived by the prosecutor in the county in which the prosecution was laid. The court regarded the letter as speaking continuously from the moment of its being posted until its receipt by the addressee for the purpose of giving jurisdiction, saying in the opinion of FIELD, J., "A letter is intended to act on the mind of the recipient, its action upon his mind takes place when it is received. It is like a case of the firing of a shot, or the throwing of a spear. If a shot is fired, or a spear thrown, from a place outside the boundary of a county into another county with intent to injure a person in that county, the offence is committed in the county within which the blow is given. So with a letter."

In the case before us it does not appear that the defendant wrote any letter to the prosecutor refusing to account or denying receipt of the proceeds of the automobile. There is nothing to show any act by way of refusing to account in Roane County. The conversion occurred in Knox County. The breach of duty to remit occurred in Knox County. There was no refusal to account in Roane County, no denial or responsibility in Roane County. Indeed, we are unable to see that any element of this fraudulent breach of trust occurred in Roane County and for that reason conclude that the trial judge properly sustained the plea to the jurisdiction and the judgment below is affirmed,