STATE *ex rel.* TRIGG v. THOMPSON.

*(Nashville,* December Term, 1953.)

Opinion filed July 23, 1954.

HARDISON, WALTON & COLLINS, of Memphis, for petitioner.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is an appeal from the judgment of the Circuit Court of Shelby County dismissing a petition for the writ of habeas corpus, sued out by the relator, Trigg, to test the validity of a rendition warrant issued by the Governor, ordering him returned to the State of Indiana for trial.

It appears that Trigg was charged in the State of Indiana with the crime of robbery and was arrested in Memphis, and was held upon a fugitive warrant. Application was made to the Governor for a rendition warrant, which was issued by the Governor of this State, and this habeas corpus proceeding resulted. The petition of the writ of habeas corpus insisted that the relator, Trigg, was not in Indiana on or about the time he is charged with this crime, and also that the papers accompanying the request of the Governor of Indiana for the return of Trigg to that State were not in proper order.

It appears that on the day on which the writ was set for hearing Trigg applied for a continuance in order that he might either obtain the original papers, or a verified transcript, which were presented to the Governor of this State in applying for the rendition warrant. At this time the defendants had present in Memphis two witnesses who identified Trigg as having been present in Indiana on the alleged date in the charge against him. The trial judge on November 6th overruled the general application for continuance, but passed the hearing for a sufficient time to enable Trigg to obtain a transcript from the Governor's office. Testimony was heard on November 6th, and Trigg testified that he was in Chicago on the date alleged, and two witnesses identified him as the man who had held up their establishment on the date set out in the affidavit. The case was then passed until November 22nd. No application was made by the relator to be permitted to take depositions of witnesses by whom he could prove that he was in Illinois on the date charged. 12 Amer. Jur. Continuances, Sec. 24, 11 A.L.R. 1410.

On November 22nd no offer of any proof on this question was made on behalf of Trigg that the trial judge committed error.

150

It is also insisted that it was error for the trial court to consider evidence taken on November 6th when he rendered his final judgment on November 22nd, by reason of the fact that between November 6th and November 22nd the term of the Circuit Court had come to an end and a new term had begun. Section 10312 of the Supplement to the Code covers this situation and authorizes the trial judge to take the course which he followed. The testimony on his behalf to the effect that he was not in Indiana on said date was held as tending to show his presence there.

■■ It is well settled that the issuance of the rendition warrant by the Governor of the asylum State make a *prima facie* case that the party sought to be extradited was present in the demanding State on or about the time alleged. This contention was held adversely to him in *State ex rel. Brown* v. *Grosch*, 177 Tenn. 619, 152 S. W. (2d) 239.

■■ It is also insisted that under our Statute, Chapter 240, Public Acts of 1951, it requires that a copy of any warrant issued upon an affidavit of the demanding State shall accompany an application for the rendition warrant. In the papers before the Governor of Tennessee at the time of the issuance of his rendition warrant was what is called a capias. This paper authorizes any peace officer of Indiana to arrest the relator upon the affidavit of the crime duly filed against him, and to lodge him in jail unless bond be executed in a fixed sum. The purpose of this provision in our Statute is to show to the Governor of this State that there is pending against the person demanded in the demanding State a valid charge of the crime committed and upon which he might be lawfully arrested in such State. The capias is in the form of a warrant, and the capias and the warrant are similar in that each authorizes an arrest by any peace officer, and

we think this paper constitutes a compliance with our Statute.

■ It is further contended that the affidavit does not show personal knowledge of the commission of the crime upon the part of the affiant. The relator cites one case, that the affidavit must be made upon the personal knowledge of the affiant. See *Raftery ex rel. Huie Fong* v. *Bligh*, 1 Cir., 55 F. (2d) 189. This case was decided upon a divided court of two to one. On the other hand, cases holding to the contrary are: *Morrison* v. *Dwyer*, 143 Iowa 502, 121 N. W. 1064; *State ex rel. Denton* v. *Curtiss*, 111 Minn. 240, 126 N. W. 719; *People ex rel. Currier* v. *Chief of Police*, 97 Misc. 254, 162 N. Y. S. 845; *People ex rel. McCline* v. *Meyering*, 356 Ill. 210, 190 N. E. 261.

In *Compton* v. *State of Alabama*, 214 U. S. 1, 29 S. Ct. 605, 607, 53 L. Ed. 885, the following language appears:

"When it appears, as it does here, that the affidavit in question was regarded by the executive authority of the respective states concerned as a sufficient basis, in law, for their acting,—the one in making a requisition, the other in issuing a warrant for the arrest of the alleged fugitive,—the judiciary should not interfere, on habeas corpus, and discharge the accused upon technical grounds, and unless it be clear that what was done was in plain contravention of law."

It results that we find no error in the judgment of the lower court and it is affirmed.