STATE *ex rel.* SANDFORD, *v.* AUSTIN CATE, Sheriff.

*(Knoxville,* September Term, 1955.)

Opinion filed December 9, 1955.

Hugh C. Simpson, of Knoxville, for petitioner.

Nat Tipton, Assistant Attorney General, for respondent.

Mr. Justice Burnett delivered the opinion of the Court.

The relator in the court below, appellant here, sought by writ of habeas corpus his discharge from arrest under the executive warrant of the Governor of this State, issued February 23, 1954, upon the requisition of the Governor of North Carolina. After hearing, the relief prayed for was denied and appellant remanded to the custody of the arresting officer. Hence this appeal.

At the outset the attorney general brings it to our attention that there is no bill of exceptions in this case which was filed in the lower court. The purported bill of exceptions here purports to be the original of such a document. It is elementary that, to be effective, all bills of exceptions must be filed in the trial court as well as signed by the trial judge. There is no provision in our practice for sending up the original bill of exceptions without it having been filed in the trial court. The attorney general suggests since this is true that we would be justified in affirming the court below without further consideration. We do find, though, in the record a suggestion of the diminution of the record duly certified and authenticated exhibits which were in the trial court. From these we at least have what would be or amount to the technical record in the case. From such exhibits it appears that we may answer the questions raised on this appeal.

So far as we have been able to ascertain, and certainly under the authorities in this State, the issuance of a rendition warrant by the executive of the asylum state creates a prima facie case that the person sought to be extradited was lawfully charged with crime in the demanding state and had fled therefrom. *State ex rel. Brown* v. *Grosch,* 177 Tenn. 619, 623, 152 S. W. (2d) 239. See also Code, Section 11935.3, Williams' Annotated Code and Section 40-1010 of T.C.A. In the diminution of

record there is a rendition warrant and other papers sufficient to bring this case within the statement last above made.

When such a situation is present the petitioner or appellant in this case has the burden of attacking the validity of such proceedings in the demanding state and this burden is that he must show that he does not stand substantially charged with the crime therein. We have held that a capias of the demanding state which authorized any peace officer of the demanding state to arrest the relator upon the affidivit of crime duly filed against him serves the purpose of the statute, 11935.3, Williams Annotated Code, which is to show the Governor of the asylum state that there is a valid charge against the relator in the demanding state and this constitutes a compliance with the statute. *State ex rel. Trigg* v. *Thompson,* 196 Tenn. 147, 270 S. W. (2d) 332.

This extradition, as well as all others, originates by virtue of the provisions of the Federal Constitution. The decisions of the Supreme Court of the United States are binding upon us in this respect. *State ex rel. Brown* v. *Grosch,* supra; *South Carolina* v. *Bailey,* 289 U. S. 412, 53 S. Ct. 667, 77 L. Ed. 1292.

It seems well settled by the Federal authorities that the courts of the asylum state (Tennessee in this instance) will not entertain technical objections to the accusation in the demanding state but to the contrary, will leave to the petitioner his rights in the courts of such demanding state to test the validity of the accusation there made against him. As we see it such a rule is unanswerable and all reason points to the correctness thereof.

Probably the leading case on this question is that of *Munsey* v. *Clough,* 196 U. S. 364, 25 S. Ct. 282, 284, 49

L. Ed. 515 wherein among other things it is said:

"The sufficiency of the indictment, as a matter of technical pleading, will not be inquired into on habeas corpus. * * *

"* * * These are matters for the trial court of the demanding state, and are not to be inquired of on this writ. If it appear that the indictment substantially charges an offense for which the person may be returned to the state for trial, it is enough for this proceeding."

In a rather extensive note on this question found in 81 A. L. R. at page 552 it is seen that almost without exception the courts of the asylum state such as Tennessee in the instant case have declined to entertain objections to the form of the indictment and have almost universally adhered to the principle that if the substantial charge amounts to a crime generally, it will be held adequate in the asylum state (Tennessee).

The indictment found in the diminution of the record purports to charge the petitioner with embezzlement of certain funds in the State of North Carolina and of refusing and failing to make an accounting to the Clerk of the court there. There are a number of assignments of error of the action of the trial court herein, but all are bottomed on the proposition that this indictment is premature because it is said that Sandford got these funds as executor and had a year more in which to make an accounting before he could have been charged with embezzling the funds. It is very vigorously contended that the North Carolina statutes grant to him or to an executor in that State two years from the date of his qualification within which to make the settlement of the estate and that since this time has not elapsed since his qualification the indictment then must be premature.

It seems to us that this very contention shows an excellent reason why the courts of this Country have almost uniformly held that such questions are to be determined in the demanding state, that is, questions with reference to the validity of the accusation upon which the extradition is sought. The contention here made is nothing more or less than that the indictment in the present case was prematurely brought in the demanding state. If we were to pass upon this contention it would require of us a detailed study of the statutes and decisions of the State of North Carolina and could possibly result in a conclusion by us completely at variance with the practice and decisions of that state. If the petitioner is prematurely indicted in the State of North Carolina and if that state recognizes prematurity of indictment as a ground for abating the accusation against him he still is privileged to raise such question in that state (demanding state). Naturally if any of his constitutional rights are violated by this course he has his usual recourse to the Supreme Court of the United States. He is clearly as much under the protection of the Federal Constitution in one State as he is in another.

It seems to us that since the question which is sought to be made here by the petitioner is one which does not affect the validity on its face of the accusation but which in reality might possibly constitute a ground of abatement thereof, it seems to us that the quotation above from *Munsey* v. *Clough,* supra, applies with much force to this case. It certainly cannot be said that the indictment as such does not substantially charge embezzlement of a fiduciary and that in the end constitutes the acid test in proceedings of this character. It matters not that facts may exist which will constitute a defense to the accusation or which might abate it in the demand-

ing state. This is not the forum in which such matters of defense or abatement may be considered. Under the Federal authorities above pointed out by which we are bound, such matters are left to the courts of the demanding state. We think therefore that the objections to the indictment made by the petitioner may not be successfully maintained in this proceeding and in this the asylum state.

It is contended by the relator that if any embezzlement on his part occurred it took place in Tennessee because he qualified as executor in North Carolina and then returned to his home in Tennessee and that any conversion must necessarily have thus occurred in this State. In the first place there is absolutely nothing in the record to show any of this factual situation. As we said in the outset there is no bill of exceptions here and these statements are purely statements and argument made in the brief and of course cannot be considered by us. However, as we see it, Code, Section 11935.6 of Williams' Code and 40-1013 of T. C. A. which are part of the Uniform Extradition Statute provide that whenever one commits acts in this state resulting in a crime in the demanding state, the Governor of this State may lawfully surrender such person to the demanding state. The portion of the record which is in the diminution of record shows that the petitioner qualified as executor in the appropriate court of Buncumbe County, North Carolina. It is to that court alone that he was required to make settlement and to produce the trust funds in his hands. His duty to account is in the State of North Carolina and the county in which he qualified and if he did convert these trust funds in Tennessee, it constituted an act resulting in the crime of embezzlement in the State of North Carolina, where he was duly bound to

account for the funds in his hands. *Lambeth* v. *State,* 3 Shan. Cas. 754; *State* v. *Oliver,* 175 Tenn. 624, 627, 136 S. W. (2d) 722. So it seems to us that under either one of the basic arguments of the petitioner for release from this writ his absence from the State of North Carolina will not keep him from being returned to that state under the rendition warrant of the Governor of this State. For the reasons.expressed the judgment below is affirmed.