EDWARD H. REEVES, Sheriff, *v.* STATE ex rel. THOMPSON.

*(Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

NAT TIPTON, Advocate General, for plaintiff in error.

JOHN M. HEISKELL, of Memphis, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Thompson sought by writ of habeas corpus his discharge from arrest under the executive warrant of the Governor of this State, issued September 27, 1955, upon the requisition of the Governor of Kentucky. After hear-

ing, the relief prayed for was granted by the trial judge discharging the petitioner. An appeal has been seasonably prayed, briefs filed and we now have the matter for disposition.

The Governor of this State issued his rendition warrant for the extradition of the relator Thompson to the State of Kentucky and such warrant was based upon an indictment duly found in Boyd County, Kentucky. The indictment merely averred, as to the time, *that the offense was committed in the fall of 1949,* no other time was averred.

The petition avers the insufficiency of this averment in the indictment of the time of the commission of the offense as being entirely too indefinite to allow the petitioner to prove that he was not present in the demanding State at such time. The bill of exceptions does not show that any proof was heard on the matter. We must take it that the order entered in the lower court, sustaining the writ and discharging the petitioner, was based on the fact that the lower court was of the opinion that the allegations in the warrant were not sufficient, as to the time of the commission of the offense. The argument of the defendant in error in his brief is to the same effect, that is, that without a definite time being averred in the warrant, as to the time of the commission of the crime, it would be impossible for the relator to show that he was not in the demanding State at the time and that this is a right that the relator has in a hearing of the kind, now before us.

Certainly it is true that one in the position of relator may show that he is not in the demanding State at the time of the commission of the crime but in doing so his proof, to this effect, must show his absence beyond a reasonable doubt. *State ex rel. Brown* v. *Grosch,* 177 Tenn. 619, 624, 152 S. W. (2d) 239. Where it is attempted

by a person in the position of the defendant in error here. to show that he was not in the demanding State at the time of his alleged offense the court hearing the suit, on petition for habeas corpus, will not discharge a petitioner arrested under a Governor's warrant, as here, where there is merely contradictory evidence on the subject of his presence in that other State because a habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused. *State ex rel. Harris* v. *Bacon,* 164 Tenn. 404, 50 S. W. (2d) 224. Thus here we have nothing to show that any proof was heard on this question at all, consequently we must assume that none was heard and that the trial court merely granted the discharge of this prisoner on the averments in the petition for habeas corpus along with the Governor's warrant and the showing of the indictment.

The case of *State ex rel. Brown* v. *Grosch,* supra, is a complete discussion of the rights of the parties under habeas corpus and settles definitely the fact that the issuance of the rendition warrant by the Governor of Tennessee, in this instance, makes a prima facie case that the petitioner stands lawfully charged in the State of Kentucky, in this instance, and that he was a fugitive from justice therefrom. Clearly we think under this authority that the trial judge erred in discharging the relator Thompson when there is no testimony of any kind showing or attempting to show that he was not in the demanding State (Kentucky) on or about the time averred in the indictment. As said above there is no evidence whatsoever.

We have very recently decided that this Court will not and cannot consider alleged defects in indictments upon habeas corpus to avoid extradition. Under

such conditions, for the reasons stated in the opinion hereinafter cited, the parties under such circumstances must raise these questions in the court of the State in which the indictment was brought. This opinion, to which we refer, is *State ex rel. Sandford* v. *Cate,* 199 Tenn. 195, 285 S. W. (2d) 343. At the time this question was raised in the instant lawsuit the opinion to which we refer had not been published and counsel for the defendant in error did not have this opinion before him and it is for this reason that we feel that the question is now raised again. This opinion, *State ex rel. Sandford* v. *Cate,* supra, is a sufficient answer to the question here raised.

We feel too that the averment in the warrant upon which the requisition was issued was adequate under the authorities of this State. This Court in *State* v. *Shaw,* 113 Tenn. 536, 82 S. W. 480, on the question said:

"The rule to be deduced from our cases is that, where there is no statute of limitations barring the offense, it is unnecessary to state the day, or even the year, but it is sufficient to aver generally that the offense was committed before the finding of the indictment; * * *."

All other questions raised in the present petition for habeas corpus, by the defendant in error, below have been fully answered with supporting authorities therefor in the opinion to which we refer above of *State ex rel. Sandford* v. *Cate,* supra. After a thorough consideration we have concluded that the trial judge in the instant case erred in discharging the prisoner and as a result of this conclusion the case is reversed and remanded at the cost of the defendant in error here, relator below.