Douglas McLAUGHLIN, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Feb. 15, 1974.

Certiorari Denied by Supreme Court
May 20, 1974.

Lewis Taylor, Elizabethton, for plaintiff-in-error.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Lewis May, Dist. Atty. Gen., Mountain City, for defendant-in-error.

## OPINION

OLIVER, Judge.

The petitioner filed a habeas corpus petition contesting extradition to the State of New York as directed by a rendition warrant issued by the Governor of Tennessee in response to the New York Governor's formal request that the petitioner be apprehended and delivered to the sheriff of Chemung County, New York, for return to that county and state to stand trial upon an indictment charging him with two counts of criminal possession of a forged instrument and also with grand larceny.

Attached to the New York Executive's requisition was a duly authenticated copy of an application for extradition filed by the District Attorney of Chemung County, New York, describing the above-mentioned felonies committed by McLaughlin. Attached to the District Attorney's extradition application was a duly authenticated copy of (1) a warrant issued July 24, 1970 for McLaughlin's arrest, (2) a police investigator's report and various depositions, (3) an indictment of McLaughlin by the Chemung County Grand Jury returned at the June 1970 Term charging him with the aforementioned offenses on November 21, 1969, and (4) a bench warrant issued August 10, 1970 for his arrest pursuant to the indictment.

This habeas corpus petition recites, all as above mentioned, that the Grand Jury returned an indictment against him in June of 1970 charging him with the mentioned offenses, the filing of the Chemung County District Attorney's petition for extradition, and that he had been arrested as a result of the rendition warrant issued by the Governor of Tennessee. He charges that there was no evidence before the Grand Jury justifying it in returning the indictment against him; that there was no evidence before the District Attorney of Chemung County, New York warranting initiation of extradition proceedings; that there was no evidence before the Governor of Tennessee to justify issuance of the rendition warrant; that the sheriff of Carter County had no legal evidence for obtaining a fugitive warrant for his arrest; that he is not guilty of the offenses charged and was not in the State of New York on November 21, 1969.

The petitioner has perfected an appeal to this Court from the judgment of the Criminal Court of Carter County dismissing his habeas corpus petition following an evidentiary hearing. His Assignments of Error here challenge the sufficiency of the evidence to justify the action of the trial court in dismissing his petition. He also asserts that a photograph was erroneously admitted over his objection.

At the hearing upon his habeas corpus petition McLaughlin testified that he has resided in Washington County, Tennessee for three or four years; that he was not in New York on November 21, 1969 (the date of the alleged offenses), and was last in New York about 10 or 12 years ago; and that in November 1969 he was working in Baltimore, Maryland.

Robert Waters, investigator for the Horseheads Police Department, Horseheads, New York, testified that the defendant is charged in Horseheads with two counts of criminal possession of a forged instrument and grand larceny; that the larceny charge is based upon passing over 20 checks for $98.50 each in Chemung County; that he received one of the fraudulent checks and a photograph allegedly of the petitioner from the Grandway store in Horseheads.

John Quinn, General Manager of the Grandway Company, testified that when a check is cashed at the store a picture is taken by a regiscope of the check, the identification presented and the person cashing the check. He identified a picture of a check cashed at the store on November 21 and authorized by him and of the person cashing the check, and testified that the person in the picture is this petitioner, and testified that he could identify the photograph as having been taken in the store by certain markings on it.

The extradition papers were made a part of the record of this habeas corpus hearing.

The authority to order extradition of an accused person from one state to another is Article IV, Section 2 of the Constitution of the United States and the implementing statutes enacted by Congress. The states may enact implementing legislation so long as the right of the Chief Executive to grant extradition is not limited. State ex rel. Brown v. Grosch, 177 Tenn. 619, 152 S.W.2d 239. See also: State ex rel. Sandford v. Cate, 199 Tenn. 195, 285 S.W.2d 343.

Article IV, Section 2 of the United States Constitution provides in pertinent part:

"A person charged in any state with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

The issuance of a rendition warrant by the Executive of the asylum state (Tennessee in this instance), creates a prima facie case that the person sought to be extradited was lawfully charged with crime in the demanding state and has fled there-

from. State ex rel. Sandford v. Cate, supra; Reeves v. State ex rel. Thompson, 199 Tenn. 598, 288 S.W.2d 451; State ex rel. Trigg v. Thompson, 196 Tenn. 147, 270 S.W.2d 332.

A person sought to be extradited may show that he was not in the demanding state at the time of the commission of the crime and procure his release by habeas corpus. But such absence must be shown beyond a reasonable doubt, and the court will not discharge such person on a petition for the writ of habeas corpus where there is merely contradictory evidence as to his presence in the demanding state, Reeves v. State ex rel. Thompson, supra; State ex rel. Johnson v. Turner, 207 Tenn. 93, 338 S.W.2d 558; State ex rel. Brown v. Grosch, supra, because habeas corpus to resist extradition is not a proceeding to try the question of alibi or the guilt or innocence of the accused. State ex rel. Harris v. Bacon, 164 Tenn. 404, 50 S.W.2d 224; 39 C.J.S. Habeas Corpus § 39, pp. 558, 561.

The burden was on the petitioner to show that he was not in the demanding state (New York) at the time alleged, since issuance of the rendition warrant by the Governor established prima facie that he was there at that time. 39 C.J.S. Habeas Corpus § 39, p. 555.

The .courts. of the asylum state cannot consider alleged defects or insufficiency of the indictment found in the demanding state, but will leave the petitioner to his rights in the courts of such demanding state to test the validity of the accusation against him. Thus, the issue raised by the petitioner that the indictment was returned upon insufficient evidence must be left to the courts of New York. State ex rel. Sandford v. Cate, supra; Reeves v. State ex rel. Thompson, supra.

In State ex rel. Sandford v. Cate, supra, the Court said:

"It seems well settled by the Federal authorities that the courts of the asylum state (Tennessee in this instance) will not entertain technical objections to the accusation in the demanding state but to the contrary, will leave to the petitioner his rights in the courts of such demanding state to test the validity of the accusation there made against him. As we see it such a rule is unanswerable and all reason points to the correctness thereof.

"Probably the leading case on this question is that of Munsey v. Clough, 196 U. S. 364, 25 S.Ct. 282, 284, 49 L.Ed. 515 wherein among other things it is said:

'The sufficiency of the indictment, as a matter of technical pleading, will not be inquired into on habeas corpus. . . .

* * * These are matters for the trial court of the demanding state, and are not to be inquired of on this writ. If it appear that the indictment substantially charges an offense for which the person may be returned to the state for trial, it is enough for this proceeding.'

* * * * * *

" . . . It matters not that facts may exist which will constitute a defense to the accusation or which might abate it in the demanding state. This is not the forum in which such matters of defense or abatement may be considered. Under the Federal authorities above pointed out by which we are bound, such matters are left to the courts of the demanding state."

In a habeas corpus proceeding contesting extradition, the only questions involved are whether the accused is charged with an extraditable offense and whether or not he is a fugitive from justice in the demanding state. State ex rel. Saunders v. Robinson, 190 Tenn. 101, 228 S.W.2d 75.

TCA § 40–1014 provides as follows:

"Guilt or innocence not inquired into.— The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for

extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."

Addressing the insistence that the photograph was not properly authenticated, we are of opinion and hold that it was of adequate clarity and sufficiently identified and was admissible. Beyond that, this petitioner overlooks the rule that in an extradition proceeding the courts are not bound by the same rigid rules of evidence as in a criminal trial, and the evidence should be construed liberally in favor of the demanding state. 39 C.J.S. Habeas Corpus, § 39, p. 548. See also: 93 A.L.R.2d 912, at 921.

Upon this record there can be no doubt that the trial judge correctly denied the petition for the writ of habeas corpus in this case.

Affirmed.

WALKER, P. J., and GALBREATH, J., concur.