**STATE of Tennessee, Appellee,**

v.

**Larry PARKS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 13, 1981.

Permission to Appeal Denied by Supreme Court Aug. 10, 1981.

**550**

William M. Leech, Jr., Atty. Gen., James A. DeLanis, Asst. Atty. Gen., Nashville, Clayton Lee, Asst. Dist. Atty. Gen., Pulaski, Jim White, Asst. Dist. Atty. Gen., Lawrenceburg, for appellee.

Jack Henry, Pulaski, Charles Wade, Lewisburg, for appellant.

## OPINION

WALKER, Presiding Judge.

The appellant, Larry Parks, was found guilty in the Circuit Court of Giles County of fraudulent breach of trust by disposition of collateral or proceeds under a security agreement (T.C.A. 39–4237), and in accordance with the verdict was sentenced to not less than three nor more than six years' imprisonment. Parks now appeals to this court with his sole issue presented for review being that the proof was insufficient to establish venue in Giles County.

The state's proof which the jury accredited showed that between November 15, 1977, and October 20, 1978, the appellant in several transactions borrowed $68,591.47 from the Columbia, Maury County branch, of the Commerce Union Bank. In conjunction with the various loans, the appellant executed several promissory notes which were secured by 290 steers, 50 cows and 50 calves. The security agreements provided that the collateral would be kept at appellant's farm in Giles County and, thus, in accordance with T.C.A. 47–9–401, financing statements were filed with the register of Giles County. In addition, the security agreements provided that the collateral could not be sold by appellant without the bank's consent. Thereafter, the appellant sold the collateral without that bank's consent and refused to account to the bank. To whom and where the sale took place was not proven. The state's proof, however, did show that appellant refused to pay the bank in both Maury and Giles Counties.

Rule 18(b), Tenn.R.Crim.P., provides "If one or more elements of an offense are committed in one county and one or more elements in another, the offense may be prosecuted in either county."

T.C.A. 39–4237 provides, among other things, that:

"Any debtor under the terms of a security agreement (a) who has no right of sale or other disposition of the collateral, or (b) who has a right of sale or other disposition of the collateral and is to account to the secured party for the proceeds of any sale or other disposition, and who sells or otherwise disposes of the collateral and fraudulently fails to pay the secured party the amount of the proceeds due under the security agreement shall be guilty of a fraudulent breach of trust..."

Under Rule 18(b), Tenn.R.Crim.P., the venue of a prosecution for a violation of T.C.A. 39–4237 lies in either the county where the collateral is sold or disposed of or in the county where the defendant has the duty to and fails to account to the secured party. The proof established that appellant refused to account to the branch manager of the bank at appellant's farm in Giles County. Therefore venue for the prosecution was properly in Giles County.

Appellant's reliance on *State v. Oliver*, 175 Tenn. 624, 136 S.W.2d 722 (1940), for the proposition that his duty to account was solely in Maury County is misplaced. In *Oliver* by virtue of an agreement between the victim of the fraudulent appropriation and the defendant, there was no duty to account in the county in which the prosecution was commenced. No such territorial limitation upon the duty to account exists in the present case and thus appellant's refusal to account in Giles County was sufficient to establish venue in Giles County.

Affirmed.

DAUGHTREY and TATUM, JJ., concur.