Malcolm Eugene **RATLIFF**, Appellee,

v.

**Lafayette (Fate) THOMAS, Sheriff of Davidson County, Tennessee, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 1, 1983.

On Petition to Rehear
Feb. 22, 1983.

Permission to Appeal Denied by
Supreme Court April 23, 1983.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., David Raybin, Asst. Dist. Atty. Gen., Nashville, for appellant.

Joe P. Binkley, Nashville, James S. Ward, Birmingham, Ala., for appellee.

## OPINION

TATUM, Judge.

This is an extradition case in which the State appeals from a judgment which granted the petition for habeas corpus of Malcolm E. Ratliff. The only issue presented is whether the trial judge erred in determining that the indictment of the demanding State was insufficient because it did not specify the date of the offenses with requisite specificity. We find the issue to be meritorious and reverse the judgment below.

The Governor of this State issued his rendition warrant for the extradition of Ratliff to the State of Alabama. An indictment was returned in Madison County, Alabama, on January 20, 1982, charging Ratliff with violating the Securities Act of Alabama. The indictment averred merely, as to the time, that the offense was committed "within the last five years" before the finding of the indictment.[1]

The appellee, Ratliff, maintains that the averments in the indictment were insufficient as to the time of the commission of the offense to enable him to prove that he was not present in the demanding state when the offense was committed.[2]

We find that the trial judge granted habeas corpus upon an erroneous construction of *Reeves v. State,* 199 Tenn. 598, 288 S.W.2d 451, 452–53 (1956). In that case, the indictment of the demanding state averred, as to the time, "that the offense was committed in the Fall of 1949." It was the position of the relator that the averment of time was too indefinite to allow him to

---

1. In the District Attorney's application for extradition to the Governor of Alabama, the offense is alleged to have occurred "during the month of June and July, 1979."

2. Appellee's counsel stated to the trial judge that the appellee was in East Tennessee when the acts upon which the indictment is based, were committed. If true, this would not necessarily defeat extradition. T.C.A. § 40–1031; *State ex rel. Sandford v. Cate,* 199 Tenn. 195, 285 S.W.2d 343 (1955). The same appears in the Alabama Governor's request for extradition.

prove that he was not present in the demanding state when the offense was committed. The Supreme Court held that courts of this state will not consider alleged defects in indictments upon habeas corpus to avoid extradition. The court reversed a judgment of the trial court granting habeas corpus, saying:

"We feel too that the averment in the warrant upon which the requisition was issued was adequate under the authorities of this State. This Court in *State v. Shaw,* 113 Tenn. 536, 82 S.W. 480, on the question said:

'The rule to be deduced from our cases is that, where there is no statute of limitations barring the offense, it is unnecessary to state the day, or even the year, but it is sufficient to aver generally that the offense was committed before the finding of the indictment; * * *.' "

The Statute of Limitations applicable to the Alabama Securities Act is 5 years. The trial judge concluded from the above language in the *Reeves* case that when there is a Statute of Limitations barring prosecution, it is necessary for the indictment to state the day and year when the offense was committed. We have looked to the *Shaw* case for context of the paragraph partly quoted from it by the *Reeves* court. The entire paragraph states as follows:

"The rule to be deduced from our cases is that, where there is no statute of limitations barring the offense, it is unnecessary to state the day, or even the year, but it is sufficient to aver generally that the offense was committed before the finding of the indictment; that it is not necessary to state in any case the day on which the offense was committed, unless the day itself is of the essence of the offense, as of offenses committed against laws passed for the preservation of the Sabbath, or unless the time is important to bring the offense within the operation of new or amended statutes or the like; *but where there is a statute of limitations that bars the offense there should be a sufficiently definite averment of time in the indictment to show that the offense was committed* within the *statutory limit;* and, finally, that where an impossible date is given, as in the present indictment, it will be disregarded if the offense is one as to which there is no statute of limitations, or as to which the date itself is not important." (Emphasis supplied.)

■ As stated, the Statute of Limitations applicable to the Alabama Securities Act is five years; the indictment charges that the offense was committed within five years before the finding of the indictment. This satisfies the requirements that "there should be a sufficiently definite averment of time in the indictment to show that the offense was committed within the statutory limit."

The judgment of the trial court is reversed and the Governor's Order of Extradition is directed to be executed.

DAUGHTREY and SCOTT, JJ., concur.

## ON PETITION TO REHEAR

TATUM, Judge.

The appellee has filed an earnest petition to rehear in which he states that we erred in ordering his extradition to the state of Alabama. He states that we should have instead remanded the case to the trial court for a hearing on the issue of his presence in Alabama at the time of the alleged offense.

In his habeas corpus petition filed in the Circuit Court, the appellee said that he was not in the state of Alabama when the offense was alleged to have occurred. Before taking any proof, however, the Circuit Judge sustained an oral motion by the appellee to quash the extradition warrant for lack of specificity as to the time the offense was alleged to have occurred. Since the motion to quash was granted, the appellee elected to introduce no evidence in the trial court to support his allegation that he was not in Alabama when the offense occurred.

■ The fact that the appellee may not have been in Alabama at the time of the alleged offense does not preclude extradition. T.C.A. § 40–9–113 provides:

"40–9–113. Acts resulting in crime in state in which accused is not present.— The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in § 40–9–112 with committing an act in this state, or in a third state, intentionally resulting in crime in the state whose executive authority is making the demand; and the provisions of this chapter not otherwise inconsistent shall apply to such cases, *notwithstanding that the accused was not in that state at the time of the commission of the crime,* and has not fled therefrom." (Emphasis added.)

A recent decision of this panel, written by Judge Daughtrey, gives a full discussion of the procedural requirements for extradition when one is charged with committing a crime in one state while physically present in another state. *Eddie Earhart v. David Hicks, Sheriff,* Tenn.Cr.App., filed at Nashville, February 1, 1983. In that case, we held that to invoke the provisions of T.C.A. § 40–9–113, it is necessary that the asylum state look to the demand for extradition, the charge, and all supporting papers in determining whether the accused is charged with committing an act while away from the demanding state, which intentionally resulted in a crime being committed in the demanding state. Copies of the demand, the charge, and supporting papers are in the record.

As stated in Footnote 2 of the Main Opinion, the Alabama Governor's request for extradition specifies that the defendant was not physically present in the state of Alabama when the crime was committed. In light of this, T.C.A. § 40–9–113 is applicable and the fact that the appellee was not in Alabama when he allegedly violated the Alabama Securities Act will afford him no defense in this extradition proceeding.

For the reasons stated, we adhere to our original judgment directing that the Governor's order of extradition be executed.

DAUGHTREY and SCOTT, JJ., concur.